[No. B199500. Second Dist., Div. Six. Oct. 10, 2007.]

In re DAMIAN PACHECO on Habeas Corpus.

## COUNSEL

Richard B. Lennon, under appointment by the Court of Appeal, for Petitioner Damian Pacheco.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Heather Bushman and Gregory J. Marcot, Deputy Attorneys General, for Respondents James E. Tilton, Secretary, California Department of Corrections and Rehabilitation, and J. Marshall, Warden of the California Men's Colony.

## OPINION

**PERREN, J.**—Petitioner Damian Pacheco was convicted by plea of inflicting corporal injury on a cohabitant. He admitted the special allegation that he inflicted great bodily injury (GBI) on the victim. (Pen. Code, §§ 273.5, 12022.7, subd. (a).)[1] At sentencing, the trial court struck the punishment for the GBI enhancement pursuant to section 1385, and sentenced petitioner to the midterm of three years in prison. (§ 273.5, subd. (a).) Thereafter, the Department of Corrections and Rehabilitation (DCR) calculated his release

---

[1] All statutory references are to the Penal Code.

date pursuant to section 2933.1, thereby limiting the worktime credits he could accrue against his sentence to 15 percent, rather than the 50 percent allowed by section 2933.

Petitioner seeks relief by petition for habeas corpus, challenging the application of section 2933.1 to his sentence. He contends he is not serving time for a violent felony offense within the meaning of section 2933.1. As we shall explain, because the sentencing court struck only the punishment for the GBI enhancement, and not the enhancement in its entirety, DCR properly limited his custody credits to 15 percent. (§ 2933.1.) We therefore deny his request for relief.

### Factual and Procedural Background

In 2005, petitioner was charged in a felony complaint with corporal injury to a cohabitant (count 1), and assault with a deadly weapon and by force likely to produce great bodily injury (count 2). (§§ 273.5, subd. (a), 245, subd. (a)(1).) Both counts included an enhancement for inflicting great bodily injury under section 12022.7.

Pursuant to a plea agreement, petitioner pled guilty to inflicting corporal injury to a cohabitant and admitted the GBI enhancement. The sentencing court dismissed count 2 and, pursuant to section 1385, struck the additional punishment for the GBI enhancement.[2] The court sentenced petitioner to the midterm of three years in prison on count 1. (§ 273.5, subd. (a).)

Thereafter, petitioner was received by DCR and transferred to the California Men's Colony. During an intake audit, his estimated parole release date (EPRD) was calculated to be February 8, 2007, pursuant to section 2933.[3] In May of 2006, DCR discovered that it had calculated petitioner's EPRD improperly, in that it had applied his worktime credit at 50 percent instead of limiting it to 15 percent because he had been convicted of a violent felony. DCR then recalculated his EPRD under section 2933.1, and set his release date as January 30, 2008.[4]

---

[2] Section 1385, subdivision (c)(1) provides: "If the court has the authority pursuant to subdivision (a) to strike or dismiss an enhancement, the court may instead strike the additional punishment for that enhancement in the furtherance of justice . . . ."

[3] State prisoners with nonviolent commitment offenses who participate in qualifying work, training, and educational programs are offered the privilege of earning "worktime credit" against their sentences at a maximum rate of 50 percent or one day's credit for each day's participation. (§ 2933, subd. (a); *In re Reeves* (2005) 35 Cal.4th 765, 768 [28 Cal.Rptr.3d 4, 110 P.3d 1218].)

[4] Section 2933.1, subdivision (a) provides: "Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933."

After exhausting his administrative remedies, petitioner challenged DCR's recalculation of his EPRD by filing a habeas corpus petition in the superior court. He argued that because the sentencing court struck the punishment for the GBI enhancement, he was not serving time for a "violent" offense and was not subject to a reduction of credits under section 2933.1. The trial court denied the petition, concluding that DCR had properly calculated his release date. Petitioner then sought habeas corpus relief in this court. Because the issue presented was one of first impression, we appointed counsel to represent petitioner and issued an order to show cause.

*Discussion*

Under section 2933, a prisoner may earn an additional one day of credit against his or her sentence for every one day of participation in a qualifying work, training, or educational program. Under section 2933.1, however, the ability to earn these credits is limited to 15 percent of the actual custody credits if the prisoner "is *convicted*" (italics added) of a violent felony offense listed in subdivision (c) of section 667.5. (See, *ante*, fn. 4.) Section 667.5, subdivision (c)(8) classifies as a violent felony "[a]ny felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7 . . . ." Although corporal injury to a cohabitant, a violation of section 273.5, is not listed as a violent felony offense in section 667.5, subdivision (c), here it was alleged, and petitioner admitted, that great bodily injury was inflicted on the victim within the meaning of section 12022.7, subdivision (a). Consequently, the enhancement allegation rendered petitioner subject to section 2933.1. The question presented is whether section 2933.1 applies to petitioner's sentence when the trial court strikes only the *punishment* for the GBI enhancement pursuant to section 1385, but not the enhancement itself.

The California Supreme Court recently addressed the meaning of the phrase "any person who is convicted of a [violent] felony offense" in section 2933.1 and found the statute ambiguous as applied to the facts of the case before it. (*In re Reeves*, *supra*, 35 Cal.4th 765, 770–771.) In *Reeves*, a prisoner was serving concurrent terms of 10 years for a nonviolent offense and five years for a violent offense. He had completed the five-year term for the violent offense and was serving the remainder of the concurrent term for the nonviolent offense. The question presented was whether section 2933.1, subdivision (a) restricted his ability to earn worktime credit during the entire length of the concurrent sentence. In resolving this issue, the court distinguished concurrent and consecutive sentences for nonviolent and violent offenses. The court reasoned, "when an aggregate term includes time for a violent offense, at any point during that term the prisoner literally 'is convicted of a [violent] felony offense.'" (*Reeves*, at p. 773.) Thus, a prisoner

serving a sentence that imposes consecutive terms for violent and nonviolent offenses is subject to the credit restriction imposed by section 2933.1, subdivision (a) for the entire sentence. This is because under the determinate sentencing law, multiple consecutive determinate terms must be combined into a single, aggregate term of imprisonment which complies with the rules for calculating aggregate terms (e.g., one-third the base term for subordinate terms and enhancements applicable to subordinate terms). (*Reeves*, at p. 773.) The court explained, however, that this logic does not apply to concurrent terms for such convictions because concurrent terms are not merged into a single aggregate term under the determinate sentencing law. Thus, the court held, once the prisoner had completed his five-year term for the violent sentence, the credit limitation in section 2933.1 no longer applied to limit the credits he could accrue during the remainder of his sentence on the nonviolent offense. "Because petitioner has already served the term for the violent offense that caused the section [2933.1, subdivision (a)] to apply, the statement that he 'is convicted of a [violent] felony offense' . . . is true only as a matter of historical fact . . . ." (*Reeves*, at p. 777, citation omitted.)

The court concluded, "*section 2933.1(a) has no application to a prisoner who is not actually serving a sentence for a violent offense; such a prisoner may earn credit at a rate unaffected by the section.*" (*Reeves*, at p. 780, italics added.)

Relying upon *Reeves*, petitioner contends he is not "actually serving a sentence for a violent offense" because the trial court struck the punishment for the GBI enhancement. He argues he is serving a sentence only for the violation of section 273.5, a nonviolent offense. He adds that striking the enhancement for sentencing purposes means that he does not have to undergo any "additional punishment" in connection with that enhancement and should not, therefore, be subject to limited worktime credits. He is wrong.

Section 1385, subdivision (c)(1) authorizes the trial court to strike or dismiss an enhancement, or to "instead strike the additional punishment for that enhancement in the furtherance of justice." Having decided to afford leniency in this case, the sentencing court had two options. It could either strike the enhancement allegation in its entirety or strike the additional three-year punishment for the enhancement specified in section 12022.7, subdivision (a). Here, the trial court chose the latter option. The fact of the enhancement, however, remained. In criminal law jargon, the offense remained "a 273.5 with a GBI." Petitioner was still a "person . . . convicted of a felony offense listed in subdivision (c) of Section 667.5" and could "accrue no more than 15 percent of worktime credit . . . ." (§ 2933.1, subd. (a).) The admission of the enhancement served to recharacterize the substantive offense as a violent felony under section 667.5, subdivision (c)(8). (See generally *People v. Shirley* (1993) 18 Cal.App.4th 40, 46 [22 Cal.Rptr.2d 340].) It is the

conviction, and not the punishment, that is determinative. Therefore, petitioner is only eligible to earn credits at a maximum of 15 percent in accordance with section 2933.1, and DCR properly calculated his EPRD date.

A reduction in the worktime credits allowed by section 2933.1 may feel like "additional punishment" to a prisoner, a result seemingly inconsistent with the sentencing court's order in this case under section 1385. However, a reduction in credits is not considered "punishment" under the law. Rather, such credits are benefits a prisoner earns based on good conduct and participation in qualifying programs.

The Legislature enacted section 2933.1 to protect the public from the early release from prison of prisoners convicted of violent offenses. (§ 667.5, subd. (c).) Although the sentencing court in this case approved a plea agreement which gave leniency to petitioner by striking the additional three-year term for the GBI enhancement, the purpose underlying section 2933.1 was unaffected. Petitioner beat his victim with a wooden closet rod, hitting her in the head until the rod broke and she lost consciousness. Officers observed abrasions to the victim's arm, abdomen, and face, and she complained of pain to her head and thigh. In sum, he inflicted great bodily injury and admitted to doing so.

The cases relied upon by petitioner are inapposite. They all involve striking the enhancement allegation in its entirety, not just the punishment, as was done here. (E.g., *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 508 [53 Cal.Rptr.2d 789, 917 P.2d 628] [prior conviction allegation stricken]; *People v. Burke* (1956) 47 Cal.2d 45, 51 [301 P.2d 241] [same].)

Enhancements do not have a life of their own. They derive their vitality from and form a part of the crime to which they are attached and alter the consequences the offender may suffer. The most direct consequence is additional punishment. But there are other consequences: A reduction in custody credits is but one such example. Enhancements may also make a crime either a serious felony (§ 1192.7, subd. (c)(8)), or a violent felony (§ 667.5, subd. (c)(8)), and thereby subject an offender to substantially enhanced punishment under the "Three Strikes" law should he or she reoffend. (§§ 667, subd. (b), 1170.12, subds. (a)–(e).) Striking an aspect of an enhancement does not "operate to defeat the factual finding of the truth of the [allegation], instead, such act merely serves to prohibit a certain purpose for which the [allegation] may be used." (*People v. Turner* (1998) 67 Cal.App.4th 1258, 1268 [79 Cal.Rptr.2d 740].) Applying this principle to the instant matter, petitioner received a reduction in his sentence of three years.

He was not entitled to receive the additional 35 percent reduction in the time he must serve for the substantive offense.

DCR properly applied section 2933.1 to petitioner's sentence. Having served its purpose, the order to show cause is discharged and the relief sought in the petition for a writ of habeas corpus is denied.

Gilbert, P. J., and Yegan, J., concurred.

A petition for a rehearing was denied October 21, 2007, and the opinion was modified to read as printed above. Petitioner's petition for review by the Supreme Court was denied January 3, 2008, S158271.