188 Cal.App.4th 165 (2010)
THE PEOPLE, Plaintiff and Respondent,
v.
CHRISTOPHER ALLEN JONES, Sr., Defendant and Appellant.
No. C059440.
Court of Appeals of California, Third District.
September 3, 2010.
*170 Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans, Clara M. Levers and Judy Kaida, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
NICHOLSON, Acting P. J.
In exchange for a maximum prison term, defendant Christopher Allen Jones, Sr., pleaded no contest to several counts of criminal conduct and admitted a prior serious felony conviction and a prior *171 prison term. To comply with the plea agreement and avoid the sentencing requirements of the "Three Strikes" law, the trial court struck the prior serious felony conviction and prior prison term. After doing so, the court sentenced defendant to the maximum term allowed by the plea agreement. It imposed consecutive sentences for two of the counts and concurrent sentences for the remaining counts.
On appeal, defendant contends that (1) the information in an affidavit supporting a search warrant was stale and therefore did not supply probable cause, (2) the court's imposition of consecutive and concurrent terms violated Penal Code section 654's prohibition on double punishment, and (3) he was deprived of effective assistance of counsel because his trial counsel did not argue against consecutive sentencing. After briefing was completed, we invited the parties to submit supplemental briefs concerning (4) whether defendant is eligible for additional presentence custody credit pursuant to recent amendments to Penal Code section 4019.
We conclude that (1) the information in the affidavit supporting the search warrant was not stale and supported the trial court's probable cause finding, (2) defendant is barred from arguing that the sentence violated Penal Code section 654 because the trial court sentenced within the maximum term negotiated in the plea agreement, (3) defendant was not deprived of effective assistance of counsel, and (4) defendant may be eligible for additional presentence custody credit if the prior serious felony conviction is stricken for that purpose.
Therefore, we affirm the conviction but remand for further proceedings concerning presentence custody credit.

PROCEDURE
Defendant was charged by information with two counts of being a felon in possession of a firearm (Pen. Code, § 12021, subd. (a)(1);[1] counts 1 & 2); two counts of possessing a prohibited firearm (§ 12020, subd. (a)(1); counts 3 & 4); being a felon in possession of ammunition (§ 12316, subd. (b)(1); count 5); using another's personal identifying information to obtain credit, goods, or services (§ 530.5, subd. (a); count 6); and receiving stolen property (§ 496, subd. (a); count 7). The information also alleged that defendant had a prior serious felony conviction (§ 667, subds. (c) & (e)(1)) and served a prior felony prison term (§ 667.5, subd. (b)).
Pursuant to a plea agreement negotiated with the prosecutor and accepted by the court, defendant pleaded no contest to all counts and admitted the *172 enhancement allegations in return for a three-year eight-month "lid" or maximum term in sentencing. At the plea hearing, defense counsel noted that the plea was entered with the understanding that defendant was free to argue for probation and would be able to appeal regarding the denial of his motion to suppress evidence. It was understood that, although defendant admitted the prior serious felony conviction and prior prison term, the court would strike those in order to sentence within the plea agreement's maximum term.
The trial court sentenced defendant to a total state prison term of three years eight months. To do so, the court struck both the prior serious felony conviction and prior prison term findings. The court imposed the upper term of three years for count 1 (felon in possession of firearm) and a consecutive eight months (one-third the middle term) for count 2 (also felon in possession of firearm). As for the remaining five counts, the court imposed concurrent middle terms.
Defendant petitioned the trial court for a certificate of probable cause, seeking to challenge the sentence on appeal based on section 654. The trial court initially denied the petition, but later reversed itself and granted the petition after this court issued a Palma letter. (See Palma v. U.S. Industrial Fasteners, Inc. (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].)

FACTS
The parties stipulated that the factual basis for the plea was contained in (1) the police report, (2) subpoenas with accompanying documents, and (3) the preliminary hearing transcript. Our recitation of the facts is based on those sources.
Karen Flann's purse was stolen in March 2002. In July 2004, she received letters from collection agencies concerning overdue accounts with AT&T and Liberty Wireless. Someone had used her date of birth and Social Security number to open cell phone accounts with those companies. The name and address on the AT&T account were defendant's.
Flann received a letter from Sprint Wireless in July 2004, informing her that her application for phone service was denied. She had not applied to Sprint Wireless for phone services.
The Davis Police Department obtained a search warrant and executed it at defendant's residence. Officers found two sawed-off shotguns, along with 20 shotgun shells, in a bag under a bed in the master bedroom. They also found the cell phone associated with the AT&T account obtained using Flann's identifying information.
*173 After defendant was arrested, officers found five different California driver's licenses in his car.
The AT&T account was open from November 18, 2003, to April 17, 2004. The Liberty Wireless account was opened May 9, 2004, but there was no indication concerning when the Liberty Wireless account was closed.

DISCUSSION

I

Search Warrant
In September 2004, the Davis Police Department sought and obtained a warrant to search defendant's residence. Using the warrant, officers searched the residence. Defendant made a motion to suppress the evidence discovered in the search, asserting that the search warrant was invalid because the information in the affidavit was stale. The trial court denied the motion. After a motion for reconsideration, the court again denied the motion.
On appeal, defendant contends that the information provided in the affidavit in support of the application for the search warrant was stale and therefore did not provide probable cause for the warrant. Therefore, he argues, issuance of the warrant violated his Fourth Amendment rights.
The contention is without merit. Under the circumstances of this case, the information was not stale.

Background
Detective Ilya Bezuglov of the Davis Police Department filed an affidavit in support of the application for a search warrant on September 20, 2004. In all material respects, the facts in the affidavit were the same as those recounted above, up to obtaining the search warrant and searching the apartment.

Analysis
(1) Appellate review of a trial court determination of probable cause on a motion to suppress evidence under section 1538.5 is a two-step process. Express or implied findings of fact are upheld if supported by substantial evidence. We then use independent judgment to determine whether those facts establish probable cause. (People v. Leyba (1981) 29 Cal.3d 591, 596-597 [174 Cal.Rptr. 867, 629 P.2d 961].) Courts should not invalidate *174 search or arrest warrants by imposing hypertechnical requirements rather than a commonsense approach to probable cause. (United States v. Ventresca (1965) 380 U.S. 102, 108 [13 L.Ed.2d 684, 689, 85 S.Ct. 741].)
"Information that is remote in time may be deemed stale and thus unworthy of consideration in determining whether an affidavit for a search warrant is supported by probable cause. Such information is deemed stale unless it consists of facts so closely related to the time of the issuance of the warrant that it justifies a finding of probable cause at that time. The question of staleness turns on the facts of each particular case. [Citations.] If circumstances would justify a person of ordinary prudence to conclude that an activity had continued to the present time, then the passage of time will not render the information stale. [Citation.]" (People v. Hulland (2003) 110 Cal.App.4th 1646, 1652 [2 Cal.Rptr.3d 919] (Hulland).)
"Although there is no bright line rule indicating when information becomes stale [citation], delays of more than four weeks are generally considered insufficient to demonstrate present probable cause. [Citation.] For example, a delay of 34 days between a controlled sale of heroin and the officer's affidavit for the search warrant has been held insufficient to establish present probable cause. [Citation.] Longer delays are justified only where there is evidence of an activity continuing over a long period of time or the nature of the activity is such as to justify the inference that it will continue until the time of the search. [Citation.]" (Hulland, supra, 110 Cal.App.4th at p. 1652.)
Even though the information concerning defendant's illegal uses of Flann's identity did not indicate that he had engaged in the activity in the four weeks before issuance of the search warrant, the information concerning ongoing identity theft provided probable cause. According to the affidavit, Flann's purse was stolen in 2002. In November 2003, someone began illegally using Flann's identity. As late as July 2004 or thereabouts, someone used Flann's identity in an attempt to open a Sprint Wireless account. This ongoing operation, unlike a solitary drug buy, provided probable cause in September 2004, when the warrant was issued, that evidence of crime would be found in defendant's residence. (See People v. Carrington (2009) 47 Cal.4th 145, 164 [97 Cal.Rptr.3d 117, 211 P.3d 617] [stolen checks still outstanding two months after burglary provided probable cause that evidence would be found in defendant's residence].)
Defendant argues that the last use of Flann's identity that can be connected to him was in November 2003, when he used her identity to open an account with AT&T. While it is true that the affidavit did not expressly connect defendant to the Liberty Wireless account and, particularly, the Sprint Wireless incident, the court could reasonably infer that, since defendant had *175 Flann's identity and illegally used it in November 2003, the later illegal uses for similar purposes were also connected to him. This inference supported the probable cause determination.
Because we conclude that the information in the affidavit provided probable cause to support the search warrant, we need not consider the Attorney General's assertion that the good faith exception to the warrant requirement applies.

II

Section 654
Defendant contends that the sentence imposed by the trial court violated section 654 prohibiting double punishment.[2] We conclude that this contention is barred by California Rules of Court, rule 4.412(b)[3] and the cases upon which that rule is based.
Rule 4.412(b) states: "By agreeing to a specified prison term personally and by counsel, a defendant who is sentenced to that term or a shorter one abandons any claim that a component of the sentence violates section 654's prohibition of double punishment, unless that claim is asserted at the time the agreement is recited on the record."
(2) Rule 4.412(b) is one of several checks on the opportunities afforded to defendants to appeal after pleading guilty or no contest. These checks are included in the statutes, rules, and case law of California. They are meant to preserve judicial resources and screen out frivolous appeals. (See People v. Buttram (2003) 30 Cal.4th 773, 781, 783 [134 Cal.Rptr.2d 571, 69 P.3d 420] (Buttram) [discussing purpose of § 1237.5, former rule 31(d), and former rule 412(b) [now rule 4.412(b)]].)
The purpose of the requirement that a defendant appealing after a guilty or no contest plea obtain a certificate of probable cause, as provided in section 1237.5 and former rule 31(d), was "to discourage and weed out frivolous or vexatious appeals challenging convictions following guilty and nolo contendere pleas. [Citations.] The objective is to promote judicial economy `by *176 screening out wholly frivolous guilty [and nolo contendere] plea appeals before time and money is spent preparing the record and the briefs for consideration by the reviewing court.' [Citations.]" (People v. Panizzon (1996) 13 Cal.4th 68, 75-76 [51 Cal.Rptr.2d 851, 913 P.2d 1061], original bracketed text.)
Similarly, rule 4.412(b) prevents a defendant from challenging the legality of a sentence to which he agreed and from which he derived benefit. The Advisory Committee comment to rule 4.412(b) states: "This subdivision is based on the fact that a defendant who, with the advice of counsel, expresses agreement to a specified prison term normally is acknowledging that the term is appropriate for his or her total course of conduct."
Rule 4.412(b) and its predecessor, former rule 412(b), are codifications of "the case law rule that defendants are estopped from complaining of sentences to which they agreed." (People v. Hester (2000) 22 Cal.4th 290, 295 [92 Cal.Rptr.2d 641, 992 P.2d 569] (Hester).) Hester states that acceptance of a plea bargain is an implicit waiver of section 654 rights. (Hester, at p. 295.) "When a defendant maintains that the trial court's sentence violates rules which would have required the imposition of a more lenient sentence, yet the defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived any rights under such rules by choosing to accept the plea bargain." (People v. Couch (1996) 48 Cal.App.4th 1053, 1057 [56 Cal.Rptr.2d 220], quoted in Hester, supra, 22 Cal.4th at p. 295.)
While defendant agrees that contentions based on section 654 are barred when a plea agreement includes a "specified prison term," as stated in rule 4.412(b), he argues that his plea agreement did not include a "specified prison term" because he agreed to a maximum term, not to an exact term. In other words, he argues that, because the plea agreement allowed for any sentence at or below the maximum term, his sentence was not for a "specified prison term," and therefore rule 4.412(b) does not apply.
This is an open questionone which the Supreme Court has not decided.[4] (People v. Cuevas (2008) 44 Cal.4th 374, 384, fn. 6 [79 Cal.Rptr.3d 303, 187 P.3d 30]; People v. Shelton (2006) 37 Cal.4th 759, 771 [37 Cal.Rptr.3d 354, 125 P.3d 290].)
*177 Defendant's argument is based on what he contends is the plain language of the rule. "The plain language of rule 4.412(b)," explains defendant, "indicates [that] it applies when a defendant agrees to a `specified prison term.' A lid is not a specified prison term. Rather, it `constrains the maximum sentence a trial court may impose but is less than the maximum exposure the defendant would otherwise face absent the agreed-upon lid.' (People v. Cuevas, supra, 44 Cal.4th at p. 376.)"
(3) We disagree that this is the only reasonable interpretation of the rule's language. "Specified" and "maximum" do not have mutually exclusive meanings. "Specified" means "to name or state explicitly or in detail." (Merriam-Webster's Collegiate Dictionary (11th ed. 2006) p. 1198.) It is related, but not identical, to "specific," which means, among other definitions, "restricted to a particular individual, situation, relation, or effect." (Ibid.) Therefore, a term is "specified" in a plea agreement even when it is a maximum term because it is identified explicitly. Therefore, use of the word "specified" in the rule did not limit the rule to situations in which the plea agreement names the one and only term that may be imposed. Furthermore, the rule's reference to sentences to the "term or a shorter one" implies application to plea agreements involving a maximum term.
In addition to the language of the rule, the cases discussing the concepts on which the rule is based support the conclusion that it applies to maximum, as well as exact, sentences in plea agreements. As discussed below, whether a defendant can challenge a sentencing decision on appeal after a guilty or no contest plea turns on whether the defendant is challenging (1) the trial court's jurisdiction to impose the sentence or (2) the court's discretionary sentencing decision. When the challenge is to the court's jurisdiction, it is barred. When the challenge is to the court's discretionary sentencing decision, it is not barred.
The difference is illustrated in Hester, supra, 22 Cal.4th 290, involving a jurisdictional challenge to a sentence, and Buttram, supra, 30 Cal.4th 773, in which the defendant argued that the trial court abused its discretion in sentencing.
In Hester, the defendant pleaded no contest in exchange for an agreed-upon term of four years. At sentencing, the court imposed the four-year term but also imposed concurrent terms for other crimes. (Hester, supra, 22 Cal.4th at p. 293.) On appeal, the defendant asserted that imposition of the concurrent sentences violated section 654. But the court concluded that the assertion was barred by former rule 412(b). It stated: "Where the defendants have pleaded guilty in return for a specified sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that *178 figure, so long as the trial court did not lack fundamental jurisdiction. The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process. [Citation.]" (Hester, supra, at p. 295, original italics.)
On the other hand, the Supreme Court, in the analogous context of the certificate of probable cause requirement, has stated that sentencing decisions based on the trial court's discretion are not foreclosed. (Buttram, supra, 30 Cal.4th at p. 777.) The court held: "Unless it specifies otherwise, a plea agreement providing for a maximum sentence inherently reserves the parties' right to a sentencing proceeding in which (1) as occurred here, they may litigate the appropriate individualized sentence choice within the constraints of the bargain and the court's lawful discretion, and (2) appellate challenges otherwise available against the court's exercise of that discretion are retained." (Ibid., italics added.)
(4) Within this jurisdictional-discretionary dichotomy, challenges to a sentence based on section 654 are jurisdictional because "a court acts in excess of its jurisdiction and imposes an unauthorized sentence when it fails to stay execution of a sentence under section 654. [Citation.]" (Hester, supra, 22 Cal.4th at p. 295.) It makes no difference, within this analytical system, whether the plea agreement was for a maximum term or an exact term.
(5) Construed consistently with case law upon which it is based, rule 4.412(b) bars reliance on section 654 to attack the sentence on appeal when a term, even a maximum term, is specified. Unlike when a defendant asserts the trial court abused its discretion in sentencing within the specified maximum term, a defendant who relies on section 654 contends that the court did not have jurisdiction to impose the maximum term. Because that contention conflicts with the plea agreement, in which the defendant conceded that the trial court could impose the maximum term, he is estopped from relying on section 654. Any other conclusion would allow the defendant unilaterally to renege on the agreement that was negotiated in good faith with the prosecutor and accepted by the trial court.
Given these authorities, we conclude that, when a maximum term is specified in a plea agreement, the defendant is estopped from arguing on appeal that the sentence violates section 654, "unless that claim is asserted at the time the agreement is recited on the record." (Rule 4.412(b).) Here, defendant did not assert the section 654 claim when the agreement was recited on the record. Accordingly, the claim is barred.

*179 III

Effective Assistance of Counsel
Defendant contends that he was denied effective assistance of counsel because his attorney at trial did not argue for concurrent, rather than consecutive, sentencing on counts 1 and 2. We conclude that the contention is without merit because counsel's performance did not fall below an objective standard of reasonableness.
(6) To establish ineffective assistance of counsel, a defendant must show (1) counsel's performance was deficient and fell below an objective standard of reasonableness, and (2) it is reasonably probable that a more favorable result would have been reached absent the deficient performance. (Strickland v. Washington (1984) 466 U.S. 668, 687-688 [80 L.Ed.2d 674, 693-694, 104 S.Ct. 2052].) A reasonable probability is a "probability sufficient to undermine confidence in the outcome." (Id. at p. 694.)
Here, we conclude that counsel was not deficient; therefore, we need not discuss prejudice.

Sentencing
As noted above, defendant pleaded no contest and admitted the prior serious felony conviction and prior prison term allegations. In exchange, he was promised a sentence maximum of three years eight months.
In preparation for sentencing, the probation department submitted its report. In that report, it listed five circumstances in aggravation and none in mitigation. The five aggravating circumstances were (1) previous violent conduct indicating a serious danger to society, (2) numerous prior convictions, (3) a prior prison term, (4) commission of the offense while on multiple grants of probation, and (5) poor past performance on parole and probation. The probation department argued against striking the prior serious felony conviction and prior prison term and recommended a sentence of 12 years four months.
While this case was pending, defendant committed a burglary relating to a check forgery, and he drove on a suspended license.
At sentencing, defense counsel argued for a grant of probation, encouraging the court to be lenient. The court then related its intended approach to the sentence: "Probation's made a recommendation of a very substantial sentence, something of 12 years, and I'm not inclined to follow that recommendation. Weapons are a dangerous thing and two sawed-off shotguns under *180 your bed together with 15 rounds of ammunition that fit at least one of the weapons is not permitted, nor are the multiple driver's licenses, so I do believe a sentence is in order. [¶] I have to respect the fact that the defendant's problems stretch back a number of years and that hishis approach towards life has changed. It's unfortunate the weapons were there, but it has changed, so I'm inclined to strike both of the case enhancements relying on the Romero case for the notion and because of their age and remoteness in time . . ., and I also believe that much of the sentence which I'm inclined to impose should be run concurrently."[5]
Imposing the sentence, the court stated: "[W]ith regard to Count 1, . . . I'm going to sentence the defendant to the upper term of three years. And I reached upper term because of theI struck two of the case enhancements.. . ." The prosecutor then interjected: "For clarification, your Honor, if I may interrupt, is the Court also referring to the factors in aggravation as noted in the probation report." The court replied: "I am." The court continued by imposing a consecutive term of eight months for count 2, but it did not state the reasons for making the term consecutive.

Analysis
Seizing on the trial court's positive response to the prosecutor's question of whether the trial court was "referring" to the aggravating circumstances in the probation report in imposing the upper term and noting the prohibition on dual use of aggravating circumstances to impose the upper term and impose consecutive terms, defendant argues on appeal that trial counsel should have argued for concurrent sentencing. The argument fails to persuade us because (1) trial counsel argued generally for leniency when it encouraged the trial court to grant probation, and (2) there is no indication in this record that an argument for concurrent sentencing would have resulted in an even more lenient sentence. Thus, it is not objectively reasonable to argue that counsel was deficient.
Considering that, to arrive at the sentence agreed to as a maximum, the trial court struck the prior serious felony conviction and prior prison term and imposed many of the terms concurrently instead of consecutively, defendant's punishment is remarkably lenient compared to what it could have been, especially since he committed a burglary while this case was pending. Although the trial court said defendant's "approach towards life has changed," there is little in the record to support that purported change, given his continued criminality.
*181 Defendant asserts that, because the trial court used the striking of the prior conviction and prior prison term, as well as the aggravating factors in the probation report, to impose the upper term, there were no remaining aggravating factors to use in imposing consecutive sentences. Based on this assertion, defendant argues that "it is reasonably probable an objection would have lead [sic] to a lesser sentence . . . ." We disagree. There were multiple aggravating circumstances for the trial court to consider and plenty upon which to impose both the upper term and consecutive sentences. The court had already exercised considerable leniency, so it is unlikely that it would have been even more lenient simply at the suggestion of defense counsel that there might be an easily corrected dual use problem.[6]
Simply put, defendant's resume did not inspire leniency. Defense counsel's performance did not fall below an objective standard of reasonableness for failing to argue for concurrent sentencing on count 2 because it is unlikely that such an argument would have convinced the court to be even more lenient.

IV

Additional Presentence Custody Credit
(7) Recent amendments to section 4019 in Senate Bill No. 3X 18 (2009-2010 3d Ex. Sess.) (hereafter Senate Bill No. 18) provide additional presentence custody credit, unless a defendant has a prior serious felony conviction. Defendant contends that his prior serious felony conviction does not prevent him from obtaining the additional presentence custody credit because the trial court struck the prior conviction. We agree that a trial court may strike a prior serious felony conviction for the purpose of applying presentence custody credit under section 4019. However, the trial court struck the prior conviction for the purpose of Three Strikes sentencing, not necessarily for the purpose of applying section 4019. We therefore conclude that we must remand the case so that the trial court may determine whether to strike the prior serious felony conviction for the purpose of applying section 4019.[7]
*182 The question of whether defendant is eligible for the increased presentence custody credit under section 4019 involves several layers of analysis, including (1) whether denial of the increased presentence custody credit results in increased punishment, (2) whether the prior serious felony conviction must be pleaded and proved, and (3) whether the prior serious felony conviction, having been pleaded and proved, may be stricken. The short answer is that the trial court has discretion to strike defendant's prior serious felony conviction, which was pleaded and proved, for the purpose of applying the amendment to section 4019.
(8) As we explain, because the prior serious felony conviction makes defendant ineligible for additional presentence custody credit, it is increased punishment and must be pleaded and proved. And, because the prior serious felony conviction must be pleaded and proved, it may be stricken pursuant to section 1385.

A. Background

Before January 25, 2010, subdivisions (b) and (c) of section 4019 provided that for "each six-day period in which a prisoner is confined in or committed to" a local facility, one day is deducted from the period of confinement for performing assigned labor and one day is deducted from the period of confinement for satisfactorily complying with the rules and regulations of the facility. (Stats. 1982, ch. 1234, § 7, p. 4553.) Former subdivision (f) of section 4019 provided that "if all days are earned under this section, a term of six days will be deemed to have been served for every four days spent in actual custody." (Stats. 1982, ch. 1234, § 7, pp. 4553-4554.)
(9) Effective January 25, 2010, Senate Bill No. 18 amended section 4019 to provide for the accrual of presentence credits at twice the previous rate. New subdivisions (b)(1) and (c)(1) of section 4019 provide that one day of work credit and one day of conduct credit may be deducted for each four-day period of confinement or commitment. According to revised subdivision (f), "if all days are earned under this section, a term of four days will be deemed to have been served for every two days spent in actual custody . . . ." (§ 4019, subd. (f); see also Stats. 2009, 3d Ex. Sess. 2009-2010, ch. 28, § 50.)
However, new subdivisions (b)(2) and (c)(2) of section 4019 restrict presentence custody credit to the former formulathat is, one day each of work and conduct credit for each six-day period of confinement or commitment if the defendant "[(1)] is required to register as a sex offender . . ., [(2)] was committed for a serious felony . . ., or [(3)] has a prior conviction *183 for a serious felony, as defined in Section 1192.7, or a violent felony, as defined in Section 667.5 . . . ." (§ 4019, subds. (b)(2) & (c)(2).) The last of the three disqualifying conditions (having a prior serious felony conviction) is the only one relevant to this case.
The amendments to section 4019 apply retroactively to cases not yet final on January 25, 2010.[8] (See In re Estrada (1965) 63 Cal.2d 740, 745 [48 Cal.Rptr. 172, 408 P.2d 948] [amendment to statute lessening punishment for crime applies "to acts committed before its passage provided the judgment convicting the defendant of the act is not final."]; People v. Doganiere (1978) 86 Cal.App.3d 237, 239-240 [150 Cal.Rptr. 61] [applying Estrada to amendment involving conduct credits]; People v. Hunter (1977) 68 Cal.App.3d 389, 393 [137 Cal.Rptr. 299] [applying the rule of Estrada to amendment following award of custody credits].) Because the current defendant's case was not yet final on January 25, 2010, we must decide whether the amendments to section 4019 entitle him to additional presentence custody credit.
In the information, the district attorney alleged that defendant was previously convicted of a serious felony, assault with a firearm. (§ 245, subd. (a)(2).) Defendant admitted the prior conviction. When the trial court sentenced defendant, it struck the prior conviction allegation pursuant to section 1385 and Romero. It did not, however, consider whether to strike the prior serious felony conviction for the purpose of applying section 4019 because the Legislature had not yet amended section 4019 to provide the additional credit.

B. Analysis

1. Increased Punishment

(10) Senate Bill No. 18 reduces punishment for those who are eligible. The effect of the amendment is to reduce the overall time of imprisonment and, thus, the punishment, for those less serious offenders who have demonstrated good behavior while in custody. A prisoner released from prison one day sooner has been punished one day less in prison than he would have been had there not been a change in the law.
Because Senate Bill No. 18 reduces punishment for those who are eligible, having a prior serious felony conviction is a condition that increases punishment. *184 (See People v. Lo Cicero (1969) 71 Cal.2d 1186 [80 Cal.Rptr. 913, 459 P.2d 241] (Lo Cicero).) In Lo Cicero, the court held that ineligibility for probation based on a prior conviction "is equivalent to an increase in penalty . . . ." (Id. at p. 1193.) If ineligibility for probation because of a prior conviction is increased punishment, then ineligibility for additional presentence custody credit is also increased punishment.
The Attorney General argues that this reasoning is flawed. He cites In re Pacheco (2007) 155 Cal.App.4th 1439 [66 Cal.Rptr.3d 799] (Pacheco) for the proposition that ineligibility for conduct credit is not increased punishment. We disagree with the statement in Pacheco that limiting conduct credit does not increase punishment.
In Pacheco, the petitioner was convicted of inflicting corporal injury on a cohabitant with an enhancement for inflicting great bodily injury. At sentencing, the court struck the punishment for the great bodily injury enhancement but did not strike the enhancement itself. Later, the Department of Corrections and Rehabilitation determined that, because the petitioner was convicted of a crime involving great bodily injury, the amount of worktime credit he could accrue in prison was limited to 15 percent of his sentence, pursuant to section 2933.1, rather than the typical 50 percent credit. (Pacheco, supra, 155 Cal.App.4th at pp. 1441-1442.) Responding to his petition for writ of habeas corpus, the court determined that the limitation of worktime credit was proper because the trial court did not strike the enhancement, merely the punishment, and therefore the petitioner was ineligible for credit beyond the 15 percent limitation. (Id. at pp. 1444-1445.)
Having concluded that the petitioner was limited to 15 percent worktime credit because he stood convicted of a crime in which he inflicted great bodily injury even though the trial court had stricken punishment for the enhancement, the court stated: "A reduction in the worktime credits allowed by section 2933.1 may feel like `additional punishment' to a prisoner, a result seemingly inconsistent with the sentencing court's order in this case under section 1385. However, a reduction in credits is not considered `punishment' under the law. Rather, such credits are benefits a prisoner earns based on good conduct and participation in qualifying programs." (Pacheco, supra, 155 Cal.App.4th at p. 1445.) The Pacheco court provided no authority for this statement.
The Attorney General quotes this statement in Pacheco for the proposition that ineligibility for additional presentence custody credit under section 4019 does not constitute increased punishment. However, the statement in Pacheco *185 is contrary to reason. Serving a longer term not only "feel[s]" like increased punishment, it is the very definition of increased punishment.
Accordingly, ineligibility for additional presentence custody credit based on the amendments to section 4019 because of a prior serious felony conviction results in increased punishment.

2. Pleading and Proof Requirement

Because the prior serious felony conviction increases punishment, it must be pleaded and proved.
(11) Quoting one of its previous cases, the Lo Cicero court held that "`before a defendant can properly be sentenced to suffer the increased penalties flowing from . . . [a] finding . . . [of a prior conviction] the fact of the prior conviction . . . must be charged in the accusatory pleading, and if the defendant pleads not guilty thereto the charge must be proved and the truth of the allegation determined by the jury, or by the court if a jury is waived.'" (Lo Cicero, supra, 71 Cal.2d at pp. 1192-1193, quoting People v. Ford (1964) 60 Cal.2d 772, 794 [36 Cal.Rptr. 620, 388 P.2d 892].)
The Supreme Court later qualified this clear direction, holding that, if the prior serious felony conviction does not make the defendant ineligible for probation but precludes only one alternative means of obtaining a grant of probation, there is no pleading and proof requirement. (In re Varnell (2003) 30 Cal.4th 1132 [135 Cal.Rptr.2d 619, 70 P.3d 1037] (Varnell).) In Varnell, the court held that a trial court may not strike a prior serious felony conviction to make a defendant eligible for probation and drug treatment under Proposition 36 because there is no pleading and proof requirement. (Varnell, supra, 30 Cal.4th at p. 1135.) Proposition 36 created an alternative sentencing scheme for some narcotics offenses, mandating probation and treatment. (Varnell, supra, at p. 1136.) The trial court, however, found that the defendant was statutorily ineligible for the alternative sentencing scheme because he had a prior serious felony conviction. (Id. at p. 1135.) The Supreme Court stated that "trial courts may not use section 1385 to disregard `sentencing factors' that are not themselves required to be a charge or allegation in an indictment or information." (Varnell, supra, at p. 1135, italics added.)
The amendment to section 4019 does not fall within the exception to the pleading and proof requirement discussed in Varnell because a prior serious felony conviction eliminates the possibility of receiving the additional credit. This distinction was made clear by the Varnell court in its discussion of Lo Cicero:
"There is authority for finding an implied pleading and proof requirement in criminal statutes. In [Lo Cicero, supra, 71 Cal.2d 1186,] we recognized an *186 implied pleading and proof requirement in the predecessor to Health and Safety Code section 11370, which prohibited probation for any defendant convicted of certain narcotics offenses if the defendant had previously been convicted of a narcotics offense. The statute did not expressly require the prior conviction establishing the defendant's ineligibility be pleaded and proved, but we recognized an implied pleading and proof requirement . . . . [Citation.] We concluded that `[t]he denial of opportunity for probation involved here is equivalent to an increase in penalty . . . .' (Lo Cicero, supra, at p. 1193; see People v. Ibarra (1963) 60 Cal.2d 460, 467-468 [34 Cal.Rptr. 863, 386 P.2d 487]; People v. Huffman (1977) 71 Cal.App.3d 63, 82 [139 Cal.Rptr. 264].)
"However, this case [(Varnell)] differs from Lo Cicero in one key respect: petitioner's prior conviction and the resulting prison term did not eliminate his opportunity to be granted probation. Although petitioner was ineligible for probation under the terms of section 1210.1, he was eligible for probation under section 1203, subdivision (e). Thus, unlike Lo Cicero, this is not a case where the prior conviction absolutely denied a defendant the opportunity for probation." (Varnell, supra, 30 Cal.4th at p. 1140, original italics, fn. omitted.)
(12) This case is more like Lo Cicero because the prior serious felony conviction absolutely denies a defendant the opportunity for additional presentence custody credit under the amendments to section 4019. Therefore, a prior serious felony conviction must be pleaded and proved before it can be used to deny a defendant additional presentence custody credit pursuant to the amendments to section 4019.

3. Striking Prior Serious Felony Conviction

(13) Because a prior serious felony conviction must be pleaded and proved, it may be stricken pursuant to section 1385.
Again in Varnell, the court stated: "`The only action that may be dismissed under Penal Code section 1385, subdivision (a), is a criminal action or a part thereof.' [Citation.] We have consistently interpreted `action' to mean the `individual charges and allegations in a criminal action' [citations] and have never extended it to include mere sentencing factors. Thus, our courts have refused to permit trial courts to invoke section 1385 to dismiss sanity proceedings or a plea of insanity [citation]; to reduce a verdict of first degree murder to second degree murder [citations]; to reduce the offense of conviction to an uncharged lesser related offense [citation]; or to enter a judgment *187 of acquittal [citation]. A ruling that section 1385 could be used to disregard sentencing factors, which similarly are not included as offenses or allegations in an accusatory pleading, would be unprecedented." (Varnell, supra, 30 Cal.4th at p. 1137, original italics.) The Varnell court continued: "We therefore hold that a trial court's power to dismiss an `action' under section 1385 extends only to charges or allegations and not to uncharged sentencing factors, such as those that are relevant to the decision to grant or deny probation [citation] or to select among the aggravated, middle, or mitigated terms [citation]." (Varnell, supra, at p. 1139, original italics.)
The district attorney must plead and prove a prior serious felony conviction before a defendant may be denied the additional presentence custody credit under the amendments to section 4019. Therefore, applying the reasoning of Varnell, the trial court has discretion, pursuant to section 1385, to strike the prior serious felony conviction.

C. Remand

A prior serious felony conviction was pleaded and proved in this case. Although it was stricken for the purpose of Three Strikes sentencing, the fact of the prior serious felony conviction remains. Accordingly, unless it is stricken for the purpose of applying section 4019, it prevents an award of additional presentence custody credit under the amendments to section 4019. (§ 4019, subds. (b)(2) & (c)(2).)
Discretion to strike an allegation pursuant to section 1385 must be exercised in the trial court. Our role on appeal is limited to determining whether the trial court abused its discretion. (People v. Carmony (2004) 33 Cal.4th 367, 376 [14 Cal.Rptr.3d 880, 92 P.3d 369].) The trial court here could not have exercised its discretion to deny the additional presentence custody credits because the amendment allowing for those additional credits had not yet been enacted. Since the trial court must decide whether to strike the prior serious felony conviction allegation for the purpose of applying section 4019, we must remand to give the trial court the opportunity to exercise its discretion. (People v. Rodriguez (1998) 17 Cal.4th 253, 260 [70 Cal.Rptr.2d 334, 949 P.2d 31].)

*188 DISPOSITION
The judgment is affirmed. The case is remanded to the trial court to conduct a hearing concerning whether to strike the prior serious felony conviction for the purpose of applying Penal Code section 4019. If the prior serious felony allegation is stricken for this purpose, the trial court is directed to award the additional presentence custody credit and prepare an amended abstract of judgment, a copy of which is to be sent to the Department of Corrections and Rehabilitation.
Raye, J., and Butz, J., concurred.
NOTES
[1] Subsequent undesignated references to sections are to the Penal Code.
[2] Defendant makes four contentions of error based on section 654: (1) imposing unstayed terms for both counts of being a felon in possession of a firearm, (2) imposing unstayed terms for both counts of possessing a prohibited weapon, (3) imposing unstayed terms for being a felon in possession of a firearm and possessing a prohibited weapon as to each shotgun, and (4) imposing unstayed terms for possessing a weapon and possessing ammunition for that weapon.
[3] Subsequent undesignated references to rules are to the California Rules of Court.
[4] Defendant acknowledges that this is an open question. However, the Attorney General concedes that defendant's argument on the merits is correct. And the Attorney General bases this concession, without explanation or reasoning, on cases decided before the Supreme Court identified the issue as an open question. We need not, and do not, accept this ill-founded concession.
[5] See People v. Superior Court (Romero) (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628] (Romero).
[6] The Attorney General and defendant argue concerning whether recent developments in sentencing law have abrogated the prohibition on dual use of facts to impose the upper term and consecutive sentencing. Resolution of that debate is unnecessary here. Even assuming a prohibition on dual use of facts, defendant's effective assistance of counsel argument is without merit.
[7] Pursuant to miscellaneous order No. 2010-002, we must consider whether defendant is entitled to additional presentence custody credit under the recent amendments to section 4019. (Stats. 2009, 3d Ex. Sess. 2009-2010, ch. 28, § 50.) We requested and obtained additional briefing from the parties concerning the application of the recent amendments to defendant's case.
[8] The Supreme Court has granted review to resolve a split in authority over whether the January 2010 amendments to section 4019 apply to pending appeals. (People v. Brown (2010) 182 Cal.App.4th 1354 [107 Cal.Rptr.3d 286], review granted June 9, 2010, S181963 [giving retroactive effect to amendments].)