Filed 7/25/24  P. v. Rockwell CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEREMY JAY ROCKWELL,<br><br>    Defendant and Appellant. | E082777<br><br>(Super.Ct.No. INF1600287)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Dean Benjamini, Judge.  Dismissed.

Jeremy Jay Rockwell, in pro. per.; and Charles Thomas Anderson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Jeremy Jay Rockwell appeals from certain postjudgment orders that we discuss *post*. Appointed counsel found no issues of arguable merit to raise on appeal, filed a brief stating as much under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and notified defendant of the opportunity to file a supplemental brief, as did this court. Defendant filed a supplemental brief that raises a new issue unrelated to his postjudgment sentencing challenges that the trial court denied. This new challenge is without merit and, as we explain, defendant's appeal affords no other grounds for relief.

STATEMENT OF THE CASE

To resolve charges filed in May 2016, defendant pled guilty in January 2019 to seven of nine counts, as follows: inflicting corporal injury on a family member or partner (Pen. Code, § 273.5, subd. (a), count 1),[1] with a great bodily injury (GBI) enhancement (§ 12022.7, subd. (e)); assault with a deadly weapon (§ 245, subd. (a)(1), count 2); criminal threats (§ 422, count 5); false imprisonment (§ 236, count 6); battery (§ 242; count 7); and two counts of resisting a peace officer by force or violence (§ 69, counts 8 & 9). Pursuant to the plea agreement, defendant obtained dismissal of rape and mayhem counts, and the trial court sentenced defendant to an aggregate term of 13 years eight months.

Before sentencing, the court heard the victim's impact statement, including her assessment that defendant "fabricated that he is undergoing mental and/or behavioral issues which were proven untrue."

---

[1] All further statutory references are to the Penal Code.

2

The trial court at sentencing summarized defendant's "total prison term" as consisting of "12 years and eight months" on all counts except count 7. The court addressed the battery count separately, stating, "In addition on Count 7, you'll be sentenced to 364 days in custody. That is a misdemeanor. And that has to be served consecutively after your commission or after your serving of the full prison term." The court further indicated: "It's anticipated that will not be served in prison. It may not because it's a misdemeanor, but it will be served in county jail when you are done with your prison term. You'll be transferred directly to county jail."

The court's minute order regarding sentencing stated both that defendant was sentenced "to state prison for a total term of 12 years and 8 months" and that the "[c]ounty jail sentence [is] to run consecutive to Sentence Imposed of 12 years 8 months for a TOTAL STATE PRISON SENTENCE OF 13 YEARS AND 8 MONTHS." (Original capitalization.) The court's order also stated that the "[c]ounty jail sentence may be served at any Penal Institution."

The court at sentencing awarded defendant presentence custody credits of 1,053 days for actual custody and limited his conduct credit to 157 days under section 2933.1.

More than four years later, by a letter to the trial court postmarked in October 2023, defendant claimed the court erred in restricting his conduct credits; defendant sought to have them recalculated under section 4019. The court denied the request, noting defendant's plea to count 1 included admitting the GBI enhancement, which made the offense a violent

felony (§ 667.5, subd. (c)(8)), thereby triggering section 2933.1. Defendant appealed in December 2023.

Meanwhile, around the same time, defendant in January 2024 sent another letter to the court that he styled as a "Motion to Request Amended Abstract of Judgment." Defendant requested that the court "explicitly order[]" his misdemeanor sentence on count 7 be served in state prison rather than in county jail and that the court amend the abstract of judgment to that effect.

Defendant's motion stated that, as "a transgender person," defendant "approaches the court to: [¶] . . . Inform [it] of [defendant's] positive rehabilitative programming success attained while in the custody of the California Department of Corrections and Rehabilitation [(CDCR)]," and to "Advise of physical and mental health concerns related to any prospective transfer of custody from CDCR to that of Riverside County Jail . . . ." Per the motion, "CDCR's Cali[f]ornia Institution for Men [CIM] has the rehabilitative programming available that most assists Defendant to successfully emerge from incarceration." In contrast, the motion expressed concern that "the Riverside County Jail cannot meet the CDCR/CIM standard; and would be a substantial step backward for Defendant to be returned to county custody for 364 days devoid of avenues to continue rehabilitation, education, and self-care (See 'Attachment 3', list of [defendant's] ailments for reference)."

Defendant's motion stated that "the enactment of State Senate Bill 132 (Jan. 2021), the Transgender Respect[,] Agency and Dignity Act [(Sen. Bill 132)] has created new safe g[ua]rds to protect contempor[ar]y standards of Decency. This reflects the legislative

recognition of [the] importance of creating a process of decency and safe g[ua]rds against arbit[r]ary decisions that would cause more harm to a Defendant and pose a higher risk of recidivism."

The trial court denied defendant's motion by a written order specifying: "Motion to amend abstract is denied. There are no grounds to amend abstract."

Defendant appealed the denial of this order, and this court subsequently appointed counsel to represent defendant in appealing both orders.

DISCUSSION

As noted, appellate counsel filed a brief stating he found no arguable issues, including after consultation with Appellate Defenders, Inc. Without suggesting error, counsel identified for our potential consideration four issues he determined lacked arguable merit. (See *People v. Johnson* (1981) 123 Cal.App.3d 106, 109 (*Johnson*) [threshold for "an arguable issue" requires "a reasonable potential for success" on appeal].) Those issues are: whether denial of defendant's request to modify his presentence custody credits was an appealable postjudgment order and, if so, whether the court erred in denying the request. And similarly: whether denial of his request for an express order to serve his count 7 sentence in state prison was appealable and again, if so, whether the court erred in denying it. Counsel also requested that we independently review the record for arguable issues.

We need not conduct an independent review in appeals from denial of postjudgment relief when counsel files a no-issue brief, but may do so in our discretion. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) Under *Delgadillo*, when the defendant files a supplemental

5

brief or letter, the Court of Appeal is required to issue a written opinion addressing it. (*Ibid*.)

Here, we briefly address the issues counsel identified because questions of appealability implicate our jurisdiction. (*Koshak v. Malek* (2011) 200 Cal.App.4th 1540, 1544.) As we explain, counsel correctly determined a no-issue brief was warranted because the orders defendant challenges were not appealable or, even assuming they might be, defendant is not entitled to relief on the motions he made.

More specifically, as to defendant's appeal challenging denial of increased presentence custody credits, counsel aptly identified competing authority about whether such matters are appealable years after a defendant's conviction and sentence are final and the defendant has been serving his or her prison term, as here. (Compare *People v. Codinha* (2023) 92 Cal.App.5th 976, 990 ["unauthorized sentence" rationale may afford avenue for appellate challenge] with *People v. King* (2022) 77 Cal.App.5th 629, 641-642 [unauthorized sentence doctrine may relieve initial waiver of a sentencing challenge, but inapplicable if sentencing court no longer has jurisdiction].)

This court recently aligned with *King*, explaining in a case involving presentence custody credits under sections 2933.1 and 4019, as here, that because the defendant "began serving his prison sentence years ago," the trial court lacked jurisdiction to hear his recalculation request, rendering the resentencing order it issued "void, not simply voidable." (*People v. Boyd* (2024) 103 Cal.App.5th 56, 71 (*Boyd*).) As *Boyd* reiterated: "'Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal

defendant once execution of the sentence has commenced.'" (*Id*. at p. 65.) In *Boyd*, as here and unlike in *Delgadillo* or analogous postjudgment cases, the defendant's underlying conviction and sentence were not only long since final, but "no law allowing for recall of his sentence applie[d]." (*Boyd*, at p. 74; compare, e.g., *Delgadillo*, *supra*, 14 Cal.5th 216 [decided in context of section 1172.6's recall and resentencing procedure].)

Boyd further explained that the bare passage of time does not leave the defendant without a remedy in meritorious cases. (*Boyd*, *supra*, 103 Cal.App.5th at p. 71 [quoting *King*: "'A defendant who is serving a longer sentence than the law allows may challenge the sentence in a petition for a writ of habeas corpus'"].) *Boyd* treated the defendant's appeal as an appellate petition for habeas corpus where it was clear the defendant was entitled to the presentence custody credits he sought, even though the trial court lacked jurisdiction to award them. (*Boyd*, at p. 72.)

Not so here. There is no reason for us to wade into the complex issues of appealability discussed in *Codinha*, *King*, and *Boyd*, or to request briefing on those issues in the context of a no-issue *Delgadillo* brief. Whether we were to find defendant's custody credits claim appealable or nonappealable, he would not be entitled to appellate relief or relief by habeas corpus. Instead, as the trial court explained in its order denying relief, section 2933.1 applies to limit his credits because of his violent GBI offense. (See, e.g., *In re Pacheco* (2007) 155 Cal.App.4th 1439, 1441-1442 [GBI enhancement limits custody credits to 15 percent].) Counsel's no-issue brief thus succinctly cut the Gordian knot of

merits questions bound up with appealability ones: no hope of success on the former moots the latter here.

The same is true regarding defendant's challenge to the trial court's denial of his request to serve his misdemeanor sentence in prison as opposed to jail. As in *Boyd* and unlike in *Delgadillo*, there does not appear to be any "law allowing for recall of [defendant's] sentence" to consider this question. (*Boyd*, *supra*, 103 Cal.App.5th at p. 74.) Defendant's motion referenced the enactment of Senate Bill 132 but identified no sentence recall provision in it, and we are aware of none.

In any event, whether we were to conclude the court's denial of defendant's letter request was not appealable under *King* and *Boyd*, or alternately that it is appealable under *Codinha* or somehow under Senate Bill 132 or otherwise, there is no arguable issue with a "reasonable potential for success" in defendant's appeal (*Johnson*, *supra*, 123 Cal.App.3d at p. 109). Simply put, the trial court correctly concluded there was no basis for it to grant defendant sentencing relief—at least at the time defendant made his motion. Defendant's motion demonstrated neither that the court erred at the original sentencing hearing in ordering the misdemeanor portion of the sentence to be served in jail, nor, in the event of changed circumstances since then, that the question of what happens at the end of defendant's lengthy prison sentence has in fact become ripe.

Further, defendant did not identify basic prerequisites for the trial court to grant relief, such as: a source of authority for the court to order that his misdemeanor sentence be served in prison rather than jail; a mechanism for the court to recall his sentence for

8

resentencing to do so; defendant's administrative efforts, if any, to remain in CDCR custody at the end of his sentence (e.g., asking CDCR, the county jail administrator, or the district attorney to request recall and sentencing to that effect, see § 1172.1, subd. (a)(1)) or, as grounds for habeas relief, that defendant has no adequate remedy at law. At a more granular level, defendant also did not assert or show, for instance, that CDCR has classified defendant as a transgender person or that Senate Bill 132 does not apply to require county jail measures or accommodations a transgender person may seek to pursue if placed in a county facility. Counsel's no-issue brief silently but correctly cut through all of these omissions. In sum, any question of appealability that we might ordinarily address outside the no-issue briefing context is mooted by the absence of merit in defendant's appeal. There is no reason to request additional briefing or to treat defendant's appeal of the order as a habeas petition.

One issue remains. In defendant's supplemental brief, defendant argues the trial court erred at sentencing by "imposing the 364 days for the misdemeanor battery" in count 7 because section 242 "only carries a maximum of six months." (Citing § 243, subds. (a), (b).) Defendant's plea agreement provided for the year term minus a day, but he asserts he "was not fully advised that the 364 days imposed carries more time than prescribed by statute." (But see § 243, subd. (e)(1) [misdemeanor battery term in circumstances of domestic violence is "not more than one year"].) Defendant does not seek to withdraw his plea. He does not identify any change in the punishment for battery since he was sentenced that would provide for recall and resentencing. (See, e.g., § 1172.1, subd. (a)(1).)

9

Nevertheless, assuming arguendo that defendant's new challenge is cognizable because defendant claims the 364-day term was unauthorized at the time it was imposed, the challenge fails. "[T]he 'unauthorized sentence' concept constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 354.) "[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*Ibid.*) Defendant has not made that showing here. (§ 243, subd. (e)(1).)

## DISPOSITION

Defendant's contentions for postconviction relief are without merit, including in defendant's supplemental brief. There is no reason to treat defendant's appeal of the trial court's denial of defendant's postjudgment resentencing requests as a habeas petition. The appeal is therefore dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                    J.

We concur:

RAMIREZ
                P. J.

RAPHAEL
                J.