Filed 7/10/14  P. v. Nguyen CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>VAN THANH NGUYEN,<br><br>  Defendant and Appellant. | H039936<br>(Santa Clara County<br>Super. Ct. No. CC102757) |

In 2004, appellant Van Thahn Nguyen pleaded to and was convicted of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)) with great bodily injury and gang enhancements.  (Pen. Code, §§ 12022.7, subd. (a), 1866.22, subd. (b)(1).)  He also admitted two prior strikes.  (Pen. Code, §§ 667, subds. (b)-(i), 1170.12.)  Prior to sentencing appellant to 25 years to life pursuant to the former "Three Strikes" law, the court denied a motion pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*), but struck the punishment on the great bodily injury and gang enhancements at the request of the district attorney who stated that the facts did not support those enhancements.  On appeal from the conviction, appellant argued that the court erred in denying the *Romero* motion because the court did not consider the circumstances of appellant's life.  We affirmed the judgment on appeal.[1]

---

[1] On the court's own motion, we will take judicial notice of defendant's prior appeal *People v. Van Thanh Nguyen* (Mar. 29, 2005, H026980) [nonpub. opn.].

On December 28, 2012, appellant filed a petition for resentencing pursuant to the Three Strikes Reform Act and Penal Code section 1170.126. On January 2, 2013, the trial court summarily denied the petition on the ground that the great bodily injury enhancement rendered appellant ineligible for resentencing under Penal Code section 1170.126. On January 17, 2013, appellant filed a motion for reconsideration of the order on the ground that the district attorney had conceded at sentencing that the facts did not support either enhancement to which appellant had admitted. The trial court granted reconsideration and vacated its order. The court appointed counsel to represent appellant, and after full briefing and argument, again denied appellant's petition. The trial court rejected defendant's argument that because of the district attorney's concession, the act of striking the punishment for the enhancements was tantamount to striking the enhancements in their entirety. Instead, the court concluded that striking the punishment for the enhancements did not operate to defeat the defendant's factual admission to the truth of the allegation, it simply served to prohibit the use of the allegation to increase defendant's sentence. (*In re Pacheco* (2007) 155 Cal.App.4th 1439.) This timely appeal ensued.

On appeal, we appointed counsel to represent appellant in this court. Appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) which states the case and the facts but raises no specific issues. *Wende* review is only available in a first appeal of right from a judgment of conviction. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 501 (*Serrano*).) Because appellant's appeal is from an order after judgment, and not a first appeal of right, he is not entitled to *Wende* review. (*Ibid.*) Therefore, we will proceed with this appeal pursuant to the standard we enunciated in *Serrano*.

Pursuant to *Serrano,* on February 11, 2014, we notified defendant of his right to submit written argument in his own behalf within 30 days. On March 14, 2014, we received an "Appellant's Amended Brief" from appellant. In his brief appellant argues

2

that one of his prior convictions cannot properly be used as a strike.  The validity of the strike prior to which appellant admitted and which forms the basis for his sentence should have been raised in the appeal from the judgment of conviction.  This issue is not timely raised on appeal from a petition to recall the sentence pursuant to the Three Strikes Reform Act and Penal Code section 1170.126 because the new statutory scheme only allows courts to review the nature of the current commitment offense, not the underlying strike priors.  (Pen Code § 1170.126. subd. (e).)  Nothing in appellant's letter raises any arguable issues on appeal from the trial court's order denying the petition for recall of sentence.  Therefore, we decline to retain the appeal.

The appellant having failed to raise any arguable issue on appeal, we dismiss the appeal.  (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

**DISPOSITION**

The appeal is dismissed.

               _____

                      RUSHING, P.J.

WE CONCUR:

_____

    PREMO, J.

_____

    ELIA, J.

4