Filed 9/12/24  P. v. Zamora CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>EZEKIAL ZAMORA,<br><br>　　Defendant and Appellant. | H050959<br>(Santa Clara County<br>　Super. Ct. Nos. C1650184, C1760640,<br>　C1764491) |

　　In the trial court Ezekial Zamora moved for resentencing under Penal Code section 1172.75 on the ground that his sentence included an enhancement for a prior prison sentence—or "prison prior"—that is no longer valid.  (Subsequent undesignated statutory references are to the Penal Code.)  The trial court denied the motion on the ground that punishment for the prison prior was struck.  Following this district's recent opinion in *People v. Espino* (2024) 104 Cal.App.5th 188 (*Espino*), we conclude that the trial court erred.  Section 1172.75 requires resentencing where a now-invalid prison prior was imposed, whether punishment for the prior was executed, stayed, or struck.  Accordingly, we reverse and remand with directions to conduct resentencing.

## I.  BACKGROUND

　　Because the facts concerning Zamora's offenses are not relevant to the issues on this appeal, we omit those facts and only discuss the procedural background.

Zamora was charged in three separate Santa Clara County proceedings. First, in docket No. C1650184, he was charged with a single count of inflicting corporal injury on the mother of his child. Second, in docket No. C1760640, Zamora was charged with two counts of vehicle theft with a prior conviction and one count of driving with a suspended license. Even more important for purposes of this appeal, the complaint in the second proceeding also alleged a prison prior (for vehicle theft) under section 667.5, subdivision (b). Third, in docket No. C1764491, Zamora was charged with fourteen counts: nine counts of second degree robbery, one count of attempted second degree robbery, one count of grand theft, one count of attempted grand theft, one count of battery, and one count of child endangerment. In connection with four of the robbery counts, the complaint alleged that Zamora used a dangerous weapon (a knife).

On February 22, 2018, Zamora pleaded no contest to all counts and admitted all allegations in the second and third proceedings—including the prison prior allegation in the second proceeding—and the trial court provided an indicated sentence that Zamora would receive an aggregate sentence of eight years in state prison. Four days later, Zamora pleaded no contest to the one count in the first proceeding.

In May 2018, the trial court sentenced Zamora in the three proceedings, imposing an aggregate sentence of eight years in state prison. The court used the first robbery count in the third proceeding as the principal term and on that count imposed an upper-term sentence of five years. The trial court also imposed consecutive one-year terms on three other robbery counts from that proceeding. For the remaining counts, including the vehicle theft counts in the second proceeding, the court imposed concurrent sentences ranging from two to five years. Finally, the trial court imposed enhancements for Zamora's prison prior and for the use of a deadly weapon but struck punishment for the enhancements.

In March 2023, Zamora moved for resentencing, arguing based on intervening changes in the law that he was entitled to resentencing under section 1172.75 because his

sentence included a now-invalid prison prior. Neither the prosecutor in the trial court nor the Attorney General on appeal has denied that the California Department of Corrections identified Zamora as an individual serving a sentence containing a now-invalid prison prior. Nevertheless, the prosecutor opposed Zamora's motion, and the trial court denied resentencing. The trial court reasoned that section 1172.75 authorizes resentencing only where a now-invalid prison prior was both imposed and executed. Although the section declares invalid most prison priors "imposed" before January 1, 2020 (§ 1172.75, subd. (a)), the trial court noted that the term "imposed" may be used as a shorthand for sentences that are both imposed and executed, and it concluded that section 1172.75 should be interpreted to use the term "imposed" in this manner based on other provisions in the section, and the Legislature's stated intent.

Zamora subsequently filed a timely notice of appeal.

## II. DISCUSSION

Zamora argues that the trial court erred in denying his motion for resentencing because a prison prior is "imposed" under section 1172.75 if it was included in a judgment, whether punishment for the prior was executed, stayed, or struck. The Attorney General responds that a prison prior was "imposed" under section 1172.75 only if the prior was both imposed and executed. Reviewing this question of statutory interpretation de novo (*People v. Renteria* (2023) 96 Cal.App.5th 1276, 1281-1282 (*Renteria*)), we agree with Zamora.

When first enacted, section 667.5, subdivision (b) required that a one-year enhancement be imposed for each prior prison term served (and was later amended to include jail terms served under section 1170, subdivision (h)), unless the defendant remained free of custody for at least five years. (Stats. 1976, ch. 1139, § 268; see *Renteria*, *supra*, 96 Cal.App.5th at p. 1282; *People v Jennings* (2019) 42 Cal.App.5th 664, 681.) In 2019, the Legislature amended section 667.5, subdivision (b) to allow enhancements for prior prison terms only for sexually violent offenses. (Stats. 2019,

3

ch. 590, § 1.)  Two years later, Senate Bill No. 483 (2021-2022 Sess.) (Sen. Bill 483) made this change retroactive by enacting what is now section 1172.75.  (Stats. 2021, ch. 728, § 3; see also Stats. 2022, ch. 58, § 12 [moving provision to § 1172.75, subd. (a)].)  Section 1172.75 states that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . [,] is legally invalid."  (§ 1172.75, subd. (a).)

Section 1172.75 requires the Secretary of the Department of Corrections and Rehabilitation and county correctional administrators to identify any individual in their custody "currently serving a term for a judgment that includes an enhancement described in subdivision (a)" (§ 1172.75, subd. (b)) and the sentencing court to verify that "the current judgment includes a sentencing enhancement described in subdivision (a)" (§ 1172.75, subd. (c)).  If the sentencing court verifies that the judgment against an individual includes a now-invalid prison prior, the individual's sentence is recalled, and the individual is resentenced.  (*Ibid*.)  In resentencing, the court is required to apply any changes in the law reducing sentences or providing judicial discretion (§ 1172.75, subd. (d)(2)), and resentencing must result in a "lesser sentence," unless such a sentence would endanger public safety (§ 1172.75, subd. (d)(1)).

*People v. Espino*, *supra*, 104 Cal.App.5th 188, a decision from this district, concluded, albeit over a dissent, that section 1172.75 requires resentencing where, as here, prison priors were imposed but punishment was struck.  We follow the *Espino* decision's reasoning, which, for the sake of convenience, is recounted below largely verbatim.

There is a split over whether section 1172.75 requires resentencing where a prison prior was imposed but stayed.  The majority of decisions addressing this situation have concluded that resentencing is required.  A decision from this district first held that resentencing is required where a prison prior was imposed but punishment was stayed.

4

(See *Renteria*, *supra*, 96 Cal.App.5th at pp. 1282-1283.) Subsequent decisions from the Third, Fourth and Fifth Districts agreed. (*People v. Mayberry* (2024) 102 Cal.App.5th 665, 673-676 (*Mayberry*) [Fifth District]; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1272-1273, review granted Mar. 12, 2024, S283547 (*Saldana*) [Third District]; *People v. Christianson* (2023) 97 Cal.App.5th 300, 314, review granted Feb. 21, 2024, S283189 (*Christianson*) [Fourth District].) One decision from the Fourth District disagreed. (*People v. Rhodius* (2023) 97 Cal.App.5th 38, 40-41, 45, 48-49, review granted Feb. 21, 2024, S283169) (*Rhodius*).) The Supreme Court has granted review of three of these decisions. (*Rhodius*, *supra*, 97 Cal.App.5th 38; *Christianson, supra*, 97 Cal.App.5th 300; *Saldana*, *supra*, 97 Cal.App.5th 1270.)

Following the weight of authority, we interpret section 1172.75 to apply when a prison prior was imposed but stayed. We also conclude that section 1172.75 applies where a prison prior was imposed but punishment was struck. Section 1172.75 requires courts to resentence any individual whose "current judgment includes an enhancement described in subdivision (a)" (§ 1172.75, subd. (c)), which declares invalid "[a]ny sentence enhancement that was imposed" for a prior prison term not involving a sexually violent offense (§ 1172.75, subd. (a)). In the context of an obligation or penalty, the ordinary and usual meaning of the word "impose" is "to make, frame, or apply (as a charge, tax, obligation, rule, penalty) as compulsory, obligatory or enforc[ea]ble." (Webster's 3d New Internat. Dict. (1993) p. 1136, col. 1; see also American Heritage Dict. (5th ed. 2011) p. 883, col. 2 [defining "impose" to mean "establish or apply as compulsory" or "bring about by authority or force"].) As a consequence, section 1172.75, subdivision (a) is naturally understood to declare invalid any enhancement for a prior prison term (not involving a sexually violent offense) that was made or applied and included in the judgment against the defendant, without regard to whether punishment for the prison prior was executed, stayed, or struck. Under this interpretation, Zamora's prison prior was imposed upon him and rendered invalid under

5

section 1172.75 because, even though punishment was struck, the prison prior was included in the judgment against him.

The Supreme Court has recognized that the term "impose" may be interpreted more narrowly. In particular, the Court observed, "impose" may be "employed as shorthand" to refer to enhancements that were imposed and then executed. (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125.) The Attorney General contends that section 1172.75 uses "impose" in this narrow sense. In support of this position, the Attorney General points to the section's requirement that resentencing ordinarily "result in a lesser sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) The sentence for an enhancement, the Attorney General argues, cannot be reduced if the punishment was stayed or struck and therefore section 1172.75 should be interpreted to declare invalid only prison priors that were imposed and executed. Most decisions to consider this argument have rejected it. (*Mayberry*, *supra*, 102 Cal.App.5th at pp. 673-676; *Saldana*, *supra*, 97 Cal.App.5th at p. 1278, rev.gr.; *Christianson*, *supra*, 97 Cal.App.5th at p. 312, rev.gr.) We do so as well.

As these decisions recognize, even when punishment for an enhancement is stayed, the enhancement carries "the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312, rev.gr.) In particular, when a prison prior or other enhancement is imposed but stayed, the trial court retains the ability under certain circumstances to lift the stay and execute the stayed term. (*Ibid*.; see also *Mayberry*, *supra*, 102 Cal.App.5th at p. 674 ["Imposed-but-stayed prison prior term enhancements carry the possibility of execution."]; *Saldana*, *supra*, 97 Cal.App.5th at p. 1278, rev.gr. ["The presence of a stayed term or enhancement is not without significance; it is part of the sentence and remains available if its execution becomes necessary and proper for any legally sanctioned reason."].) In addition, if a defendant is resentenced, a stay might not be reimposed. (See *People v. Cortez* (2016) 3

6

Cal.App.5th 308, 316 [in resentencing after a sentence is recalled, "[a] court may also impose a previously stayed sentence"].) Thus, even when a prison prior was stayed, elimination of the prison prior reduces the potential sentence facing the defendant and therefore results in a "lesser" sentence than the one originally imposed. (*Mayberry*, *supra*, 102 Cal.App.5th at pp. 674-675; *Christianson*, *supra*, 97 Cal.App.5th at p. 312; *Saldana*, *supra*, 97 Cal.App.5th at p. 1278.)

If the Legislature had intended to limit section 1172.75 to prison priors that were imposed and executed, it could have done so clearly and unequivocally. (*Christianson*, *supra*, 97 Cal.App.5th at p. 313, rev.gr.) Section 1172.75 expressly differentiates between inmates "currently serving a sentence based on the enhancement" for a prison prior (§ 1172.75, subd. (c)(1)) and inmates with a judgment that merely "includes an enhancement" for a prison prior (§ 1172.75, subd. (b) [requiring correctional officials to identify individuals serving terms for judgments including enhancements]; § 1172.75, subd. (c) [requiring courts to verify that identified judgments include prison priors]). In particular, section 1172.75 requires correctional officials to prioritize inmates currently serving time based on a prison prior and to identify them to sentencing courts several months before identifying those merely serving a term for a judgment including a prison prior. (§ 1172.75, subd. (c)(1), (c)(2).) If the Legislature had intended the term "impose" to apply only to those inmates upon whom a prison prior was imposed and executed, it similarly could have limited resentencing under section 1172.75 to those inmates serving (whether currently or not) a sentence based on a prison prior. The Legislature did not do so. Instead, it declared invalid "any enhancement imposed" for a prison prior not involving a sexually violent offense without requiring execution of the enhancement (§ 1172.75, subd. (a)) and provided for resentencing of any individual with "a current judgment that *includes* a [now-invalid] sentencing enhancement" (§ 1172.75, subd. (c), italics added), without requiring that the individual be serving a term based on such an enhancement. This omission "suggests that the Legislature intended to use the term

7

'impose' in the broader sense" and to include prison priors that were imposed but stayed. (*Christianson*, *supra*, 97 Cal.App.5th at p. 313.)

This same reasoning applies to prison priors that were imposed but punishment was struck. The Legislature's use of the term "impose" in section 1172.75 without any qualification or indication that it is limited to prison priors imposed and executed suggests that the Legislature used the term in its ordinary (and unlimited) sense. As shown above, the ordinary meaning of the word "impose" encompasses all prison priors that were made and therefore included in a judgment, whether punishment was executed, stayed, or struck. In addition, as Zamora points out, even when an enhancement was imposed but punishment struck, "[t]he fact of the enhancement . . . remain[s]" and may adversely impact the defendant in other ways such as restricting the ability to accrue conduct credits or subjecting the defendant to additional punishment for future convictions. (*In re Pacheco* (2007) 155 Cal.App.4th 1439, 1444; see also *People v. Fuentes* (2016) 1 Cal.5th 218, 225-226 ["even if the *punishment* is struck, an enhancement finding could impact defendant in a future case"].) While it is unclear what adverse impact a prison prior may have when punishment is struck, we cannot be sure that a prison prior has no potential detrimental impact in that situation. We therefore conclude that, where a prison prior was imposed but punishment was struck, a sentence entirely omitting the prior is a "lesser" sentence under section 1172.75.

The Attorney General also argues that, where a prison prior was imposed but punishment struck, resentencing would not further the purposes of section 1172.75. The Attorney General contends that the section has two purposes: reducing the impact of increased sentences due to enhancements on minority communities and freeing up funding for community-based services. However, in at least some cases where punishment was struck resentencing would serve these purposes: In resentencing under section 1172.75, courts are required not only to strike punishments for now-invalid prison priors, but also to "apply any other changes in law that reduce sentences" (§ 1172.75,

8

subd. (d)(2)), which may reduce sentences even where no punishment for a now-invalid prison prior was imposed, thereby furthering the purposes identified by the Attorney General.  Even more important, it is doubtful that the Legislature had only two purposes in enacting what is now section 1172.75.  As our Supreme Court has recognized, "[l]egislation is frequently ' "the product of multiple and somewhat inconsistent purposes that led to certain compromises." ' [Citations.]" (*People v. Hardin* (2024) 15 Cal.5th 834, 854.)  Among other things, the Legislature may choose to pursue a primary objective or set of objectives by adopting rules that are simple and easy to administer but somewhat overinclusive—such as applying section 1172.75 to all now-invalid prison priors that were imposed, without regard to whether punishment was executed, stayed, or struck.  None of the evidence of legislative intent to which the Attorney General points excludes that possibility.  We therefore decline to infer an implicit execution requirement into the word "impose" and instead follow the ordinary meaning of the term in interpreting section 1172.75 to apply to all now-invalid prison priors that were imposed and included in the judgment against a defendant.

Zamora argues that his resentencing should cover his full sentence even though the sentences for the charges in the proceeding in which the prison prior was imposed (the second one involving vehicle theft) have been completed.  The Attorney General agrees, and so do we.  Although Zamora was charged in three separate proceedings, the trial court imposed a single aggregate sentence.  The Penal Code expressly authorizes sentencing for multiple felonies in different proceedings.  (§ 1170.1, subd. (a) [authorizing sentencing for two or more felonies "whether in the same proceeding court or in different proceedings or courts"].)  As the Supreme Court has recognized, in such a sentencing, "enhancements for prior convictions do not attach to particular counts." (*People v. Tassell* (1984) 36 Cal.3d 77, 90, overruled on other grounds in *People v. Ewoldt* (1994) 7 Cal.4th 380.)  Instead, enhancements attach to the sentence as a whole and "are added just once as the final step in computing the total sentence."  (*Ibid*., fn.

omitted)  Consequently, even though Zamora has served the sentences imposed for the convictions in the proceeding where the prison prior was alleged, Zamora is entitled to a resentencing covering all matters addressed in his original sentence.

### III.  DISPOSITION

The order denying Zamora's petition for resentencing is reversed.  The matter is remanded to the trial court, which is directed to recall Zamora's sentence and resentence him consistent with this opinion, Penal Code section 1172.75, and current law.

_____
BROMBERG, J.

I CONCUR:

_____
BAMATTRE-MANOUKIAN, ACTING P. J.

*People v. Zamora*
H050959

Lie, J., Dissenting:

For the reasons I stated in *People v. Espino* (2024) 104 Cal.App.5th 188, 202–206 (dis. opn. of Lie, J.), I respectfully dissent.

_____

LIE, J.

*People v. Zamora*
H050959