Filed 2/21/25  P. v. Jacuinde CA4/2

*See dissenting opinion.*

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082886 |
| v. | (Super.Ct.No. RIF1603431) |
| JULIO CESAR JACUINDE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Kathryn Kirschbaum and Collette C. Cavalier, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Julio Cesar Jacuinde contends the trial court erred by denying his motion for resentencing under Penal Code section 1172.75.[1]  We affirm.

## FACTS

In 2017, when defendant was convicted of attempted carjacking (§§ 664, 215, subd. (a)) it was found true that defendant had suffered a prior conviction resulting in a prison term (the prison prior)  (§ 667.5, subd. (b)).  The trial court stayed the punishment for the prison prior pursuant to section 654.  The trial court sentenced defendant to prison for a total term of 18 years.

The opinion for defendant's first appeal in this case was filed in 2019.  In that opinion, this court remanded the case to the trial court to consider whether to strike the prior serious felony enhancement (§ 667, subd. (a)) and resentence defendant.  (*People v. Jacuinde* (E069537, May 15, 2019) [nonpub. opn.] [2019 WL 2119651, *6].)[2]  On remand, the trial court declined to strike the prior serious felony enhancement (§ 667, subd. (a)).  (*People v. Jacuinde* (E075462, May 19, 2021) [nonpub. opn.] [2021 WL 1992159, *1].)

In 2021, in defendant's second appeal, this court modified the judgment to strike the punishment for the prison prior (§ 667.5, subd. (b)).  (*People v. Jacuinde*, *supra*, E075462, *2].)  This court struck the punishment for the prison prior (§ 667.5, subd.

---

[1]  All subsequent statutory references will be to the Penal Code, unless otherwise indicated.

[2]  We cite to our unpublished opinions for procedural background purposes.  (*In re Nelson* (2020) 56 Cal.App.5th 114, 118-119, fn. 2; *People v. Heard* (2022) 83 Cal.App.5th 608, 613, fn. 3.)

(b)) pursuant to the amendment to section 667.5, subdivision (b), effective January 1, 2020, which made that subdivision applicable only to sexually violent offenses.  (Senate Bill No. 136 (2019-2020 Reg. Sess.) § 1.)  This court noted that the statutory amendment was retroactive and applied to cases that were not yet final, which meant defendant's case qualified for striking the punishment for the prison prior.  This court observed that, typically, a resentencing hearing would take place when part of a prison sentence is stricken.  However, this court concluded that, because defendant's punishment for the prison prior had been stayed by the trial court, a resentencing hearing was unnecessary.  (*People v. Jacuinde*, *supra*, E075462, *1-2].)

Former section 1171.1 (currently section 1172.75) became effective January 1, 2022.  (Senate Bill No. 483 (2021-2022 Reg Sess.) § 3.)  That statute declares prison prior enhancements (§ 667.5, subd. (b)) invalid if they were (1) imposed prior to January 1, 2020, and (2) not imposed for a sexually violent offense.  (§ 1172.75, subd. (a), former § 1171.1, subd. (a).)  The statute directs that, if a defendant's "current judgment includes an enhancement" for a now invalid prison prior, then "the court [must] recall the sentence and resentence the defendant."  (§ 1172.75, subd. (c).)

In November 2023, in a motion filed in the trial court, defendant contended that he should receive a resentencing hearing under section 1172.75.  Defendant reasoned that receiving relief under Senate Bill No. 136 should not cause him to be excluded from receiving a resentencing hearing under section 1172.75.  In a hearing on defendant's motion, the trial court remarked that defendant "was never ever serving time on the prison prior" and denied defendant's motion for resentencing.

3

**DISCUSSION**

Defendant contends the trial court erred by denying his motion for resentencing.

When interpreting a statute, we seek to effectuate the Legislature's intent. We begin with "the statute's words and give them their usual and ordinary meaning." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125-1126 (*Gonzalez*).) The plain meaning controls if the words are unambiguous. If the wording is ambiguous, then we examine the context in which the words appear "adopting the construction which best serves to harmonize the statute internally and with related statutes." (*Id.* at p. 1126.)

The first requirement for relief under section 1172.75 is a prison prior "sentence enhancement that was imposed prior to January 1, 2020" and does not involve a sexually violent offense. (§ 1172.75, subd. (a).) The term "sentence enhancement" can have two meanings. The narrow meaning, limited to punishment, is " ' "an additional term of imprisonment added to the base term." ' " (*Gonzalez*, *supra*, 43 Cal.4th at p. 1124.) The broader meaning includes the enhancing statute itself. For example: "If an enhancement is punishable by one of three terms." (Cal. Rules of Court, rule 4.428(a).)

The word "imposed" helps to determine which meaning of "sentence enhancement" applies in this case. "Imposed" is a word associated with punishment. For example: "There, the Legislature directs that the court 'impose punishment' for 'an enhancement . . . admitted or found to be true [under this section] . . . unless another enhancement provides for a greater penalty or a longer term of imprisonment.' In both instances, the word 'impose' ensures that the statute's punishment and legislative intent will be carried out only if it is interpreted as shorthand for 'impose and then *execute*.' "

4

(*Gonzalez*, *supra*, 43 Cal.4th at p. 1127.) Because "impose" is a word used in the context of sentencing, we conclude that the Legislature was utilizing the narrower meaning of "sentence enhancement," referring only to punishment. Therefore, a requirement for relief under section 1172.75 is a punishment that was imposed.

Another requirement for relief is that "the current judgment includes a sentencing enhancement" for a prison prior. (§ 1172.75, subd. (c).) Defendant's current judgment does not include a punishment for the prison prior because this court modified the judgment in 2021 to strike that punishment. (*People v. Jacuinde*, *supra*, E075462, *2].) The only aspect of the prison prior that remains is the true finding. (*People v. Fuentes* (2016) 1 Cal.5th 218, 225-226; *In re Pacheco* (2007) 155 Cal.App.4th 1439, 1444.) Because currently there is no punishment for defendant's prison prior, the trial court did not err in denying defendant's motion. (§ 1172.75, subd. (c).)

In *People v. Espino* (2024) 104 Cal.App.5th 188, 198, review granted October 23, 2024, S286987, the appellate court held that section 1172.75 applies when the punishment for a prison prior is stricken because the punishment was imposed prior to being stricken. To be eligible for relief under section 1172.75, a defendant's "current judgment" must include a punishment under section 667.5, subdivision (b). (§ 1172.75, subd. (c).) Defendant's current judgment does not include a punishment for the prison prior because it was stricken. Because the "current judgment" must include punishment for a prison prior, we are not persuaded by the reasoning of *Espino*, which looks to a past step taken in sentencing.

Defendant contends the Legislature did not intend for defendants whose cases were not final, i.e., those whose prison priors were stricken under Senate Bill No. 136, to miss out on resentencing hearings.  We note that, in defendant's second appeal, this court considered a resentencing hearing for defendant, but concluded it was unnecessary in this specific case.  (*People v. Jacuinde*, *supra*, E075462, *1-2].)  Moreover, we have concluded *ante*, that, to be eligible for resentencing under section 1172.75, a defendant must be suffering a punishment under section 667.5, subdivision (b).  Accordingly, our understanding is that the Legislature did not intend for resentencing hearings to be granted to defendants whose punishment under section 667.5, subdivision (b), was stricken.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

I concur:

RAMIREZ
P. J.

6

[*People v. Jacuinde*, E082886]

FIELDS, J., Dissenting.

I respectfully dissent to the holding in the majority opinion that defendant is not entitled to a full resentencing pursuant to Penal Code section 1172.75. The majority opinion follows this court's opinion in *People v. Rhodius* (2023) 97 Cal. App.5th 38, which held that where a trial court imposes a one-year sentence on a section 667.5, subdivision (b) prison prior, but stays the punishment, a defendant is not entitled to a full resentencing under section 1172.75, subdivision (a).

In my view, the defendant is entitled to a full resentencing pursuant to section 1172.72, subdivisions (a)-(c). The dispute here "centers around the meaning of the word 'imposed' as used in section 1172.75, subdivision (a), and, more specifically, whether a sentence enhancement pursuant to section 667.5, subdivision (b) that was imposed and stayed for a non-sexually-violent offense prior to January 1, 2020, is 'a sentencing enhancement described in subdivision (a)' of section 1172.75." (*People v. Christianson* (2023) 97 Cal.App.5th 300, 311 (*Christianson*), review granted Feb. 21, 2024, S283189, italics omitted.)

The Courts of Appeal are divided on this question, and the issue is currently before the Supreme Court. (Compare *Christianson*, *supra*, 97 Cal.App.5th 300 [Recall and resentencing is available when prison prior enhancement is imposed and stayed.]; *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted Mar. 12, 2024, S283547 [same]; & *People v. Renteria* (2023) 96 Cal.App.5th 1276 [same] with *People v. Rhodius*, *supra*, 97 Cal.App.5th 38 (*Rhodius*), review granted Feb. 21, 2024, S283169

1

[Recall and resentencing is only available when prison prior enhancement is imposed and executed.].)

I generally agree with the *Christianson* decision, which in my view sets forth the correct statutory interpretation of section 1172.75. (See *Christianson*, *supra*, 97 Cal.App.5th at pp. 311-315.) Section 1172.75, subdivisions (a) and (c), provide that a defendant currently serving time on a judgment which includes a section 667.5, subdivision (b) enhancement imposed before January 1, 2020, is entitled to a full resentencing hearing.

The court in *Christianson* explicated that, "[o]n its face, the word 'imposed,' in this context, is at least somewhat ambiguous. As our high court has explained, 'it is important to understand that the word "impose" applies to enhancements that are "imposed and then *executed*" as well as those that are "imposed and then stayed. However, as a practical matter, the word 'impose' is often employed as shorthand to refer to the first situation, while the word 'stay' often refers to the latter." ' " (*Christianson*, *supra*, 97 Cal.App.5th at p. 311.)

Despite this apparent ambiguity, the *Christianson* court rejected the People's claim that the Legislature intended the word " 'imposed,' " as used in section 1172.75, to be limited to enhancements that were imposed and executed. (*Christianson*, *supra*, 97 Cal.App.5th at p. 311.) Further, as the court explained in *Christianson*, "[s]ection 1172.75 requires the CDCR to identify all inmates 'currently serving a term *for a judgment that includes* an enhancement described in subdivision (a).' [Citation.] A judgment may include a sentence that has been imposed but suspended or stayed.

2

[Citation.] Thus, by its plain language, all that is required for the CDCR to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment, regardless of whether it is imposed or stayed. Had the Legislature intended for the language in subdivision (b) to limit the identification to those inmates that would necessarily be required to serve an additional term based on the enhancement, it certainly could have done so." (*Christianson*, *supra*, 97 Cal.App.5th at pp. 311-312.)

The court in *Christianson* noted that "[t]he sentencing court must then '*verify that the current judgment includes a sentencing enhancement* described in subdivision (a).' " (*Christianson*, *supra*, 97 Cal.App.5th at p. 312; § 1172.75, subd. (c).) The court continued as follows: "At this point, the incorporation of subdivision (a) requires that the current judgment include a sentencing enhancement *imposed* pursuant to section 667.5, subdivision (b). However, the use of the word 'verify' suggests that the sentencing court is doing just that, verifying that the individual the CDCR identified is in fact an individual described by the statute, not looking to see if the inmate meets an additional requirement (i.e., that the enhancement is *imposed* and not stayed). It does not follow logic or reason to read these two subdivisions together in a manner that would require the CDCR to identify a larger class of inmates—all those serving time on a judgment that include a now invalid enhancement—only for the trial courts to then look at the same abstracts of judgment available to the CDCR to determine whether the previous court imposed additional time for, or stayed, the relevant enhancements." (*Christianson*, at p. 312.)

3

Finally, *Christianson* observed that the overarching "statutory scheme at issue here involves statutory amendments expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement described as exacerbating 'existing racial and socio-economic disparities in our criminal justice system.' " (*Christianson*, *supra*, 97 Cal.App.5th at p. 314.) The court noted that the resentencing procedures set forth in the statutory scheme promoted this legislative goal insofar as they "require that the trial court conduct a full resentencing for those defendants impacted by the now invalid enhancement in light of all associated sentencing reform." (*Ibid*.) Given this legislative objective, the *Christianson* court inferred that the Legislature presumably "intended to provide broad relief to all defendants impacted by the now invalid section 667.5, subdivision (b) enhancements." (*Ibid*.)

I respectfully disagree with one portion of *Christianson*. Acknowledging that section 1172.75, subdivision (d)(1), requires a trial court to impose a lesser sentence than originally imposed, *Christianson* rejected the notion that removing a stayed term does not result in a lesser sentence. (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.) Rather, the court concluded that even a stayed term has potential consequences to a sentence since the trial court "retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated." (*Ibid*.; accord, *Saldana*, *supra*, 97 Cal.App.5th at p. 1278 [stayed enhancement is part of sentence and remains available if its execution becomes necessary].) I disagree with this conclusion since a prison prior that was imposed before 2020, and was not for a sexually

4

violent offense, is now legally invalid under section 1172.75, subdivision (a); thus, a court has no ability to lift a stay and impose such a prison prior in the future.

In any event, in the instant case, there is no dispute defendant was serving time on a judgment which includes a section 667.5, subdivision (b) enhancement that was not for a sexually violent offense.  Section 1172.75 expressly provides that if a "current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant."  (§ 1172.75, subd. (c).)  Applying *Christianson* here, defendant is entitled to a full resentencing under section 1172.75.  (§ 1172.75, subds. (a), (c); see *Christianson*, *supra*, 97 Cal.App.5th at pp. 314-315.)  "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements."  (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402 (*Monroe*); see *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' "].)  At resentencing, the court shall "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing" (§ 1172.75, subd. (d)(2)) and shall consider any "postconviction factors" militating against continued incarceration (§ 1172.75, subd. (d)(3)).

At the original sentencing in the instant case, the sentencing court sentenced defendant to one-year punishment on the prior prison enhancement but stayed the punishment.  Accordingly, the enhancement was part of the sentence and was included in

the abstract of judgment.  As noted in the majority opinion, in defendant's second appeal of the underlying case, this court modified the judgment to strike the punishment for the prison prior enhancement as a result of an amendment to section 667.5, subdivision (b), effective January 1, 2020, which made that subdivision applicable only to sexually violent offenses.  (Senate Bill No. 136 (2019-2020 Reg. Sess.) § 1.)  (*People v. Jacuinde* (May 19, 2021) E075462 [nonpub. opn.].)

In November 2023, defendant filed a motion in the trial court arguing that he should receive a full resentencing hearing under section 1172.75.  The trial court denied his motion and this appeal followed.

The People ask us to follow *Rhodius*, *supra*, 97 Cal.App.5th 38, which held that the express language in section 1172.75, subdivision (d)(1), requiring the resentencing to " 'result in a lesser sentence than the one originally imposed as a result [of] the elimination of the repealed enhancement,' " combined with the legislative history behind the enactment of Senate Bill Nos. 136 and 483, require the conclusion that section 1172.75 does not invalidate prior prison term enhancements that were imposed but stayed.  (*Rhodius*, at pp. 42-49.)  *Rhodius* reasoned as follows:  "Section 1172.75 subdivision (d)(1)'s requirement that the resentencing shall result in a lesser sentence than the one originally imposed necessitates the conclusion that the repealed enhancement increased the length of the sentence.  The only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed.  If the repealed enhancement was imposed and stayed, the sentence would not have been increased, as was the case here."  (*Id.* at p. 44.)

6

Although *Rhodius* was thoughtfully decided, I respectfully disagree with it. Rather, I agree with *Christianson*'s conclusion that section 1172.75 applies to cases in which the inmate's abstract of judgment includes a section 667.5, subdivision (b) enhancement "regardless of whether it is imposed or stayed." (*Christianson*, *supra*, 97 Cal.App.5th at pp. 305, 312.)

Under *Rhodius*, the word "imposed" in section 1172.75, subdivision (a), means "imposed and executed." Thus, the "imposed and stayed" prior convictions in that case were not "imposed" within the meaning of section 1172.75, subdivision (a). If that interpretation is correct, then the prison prior convictions in that case would not be legally invalid, and the trial court in *Rhodius* should not have struck them.[1] Yet, the trial court in *Rhodius* did strike them, strongly inferring their invalidity, and the *Rhodius* court affirmed the trial court's action. In my view, section 1172.75 either applies or does not apply. The authority to strike the prior convictions comes only where section 1172.75 applies.

I also note that in *Rhodius,* the trial court "vacated the sentence for defendant's two section 667.5 [subdivision] (b) priors and ordered them stricken." (*Rhodius*, *supra*, 97 Cal.App.5th at p. 41.) Thus, the only issue was whether the court was required to give the defendant "a full resentencing hearing going beyond striking his two priors." (*Ibid*.) Similarly, here, on appeal, this court ordered the sentence on defendant's prison prior conviction stricken on account of the amendment to section 667.5, subdivision (b). The

---

[1]  This assumes the judgment was final as of January 1, 2020, as SB 136 on its own is not retroactive to final judgments.

7

trial court later denied defendant's motion for resentencing. In my view, if section1172.75 applies such that this court ordered the punishment on the prison prior enhancement stricken, then the prior is legally invalid and defendant is entitled to a full resentencing. Thus, the matter must be remanded for the court to vacate the prison prior and fully resentence defendant pursuant to section 1172.75, subdivisions (c) and (d).

Although the length of sentence does not change when a trial court vacates a now invalid prior conviction that had previously been stayed, the defendant, nevertheless, receives a significant benefit. To the extent the abstract of judgment will no longer show the prison prior conviction, the consequences of defendant's plea are reduced. As result of the court's action, the case will no longer reflect the prior conviction if a court assesses the appropriate disposition in any future case or on a violation of parole on the current case.

Finally, a careful review of the statute reveals that the statute contains language favorable to an interpretation consistent with that taken by *Rhodius*, and it also contains language favorable to an interpretation consistent with that taken in *Christianson*. I agree with the court in *Espino*, *supra*, 104 Cal. App. 5th at p. 198, that under the rule of lenity, where the Legislature's intent cannot be determined, courts must prefer the interpretation that is most favorable to defendants.

In sum, I conclude that the trial court erred in finding defendant ineligible for relief. The CDCR properly identified him as a person in custody "currently serving a term for a judgment that includes an enhancement described in [section 1172.75,] subdivision (a)." (§ 1172.75, subd. (b).) He was therefore entitled to a recall of his

8

sentence and a full resentencing under the terms of section 1172.75, which would include the application of "any other changes in law that reduce sentences or provide for judicial discretion" (§ 1172.75, subd. (d)(2)) and consideration of "postconviction factors" militating against continued incarceration (§ 1172.75, subd. (d)(3)).  I would reverse the denial order and remand to the trial court for a full resentencing hearing pursuant to section 1172.75, subdivisions (c) and (d).

FIELDS          

J.