Filed 3/26/25  P. v. Miller CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHARLES ANDERSON MILLER,<br><br>    Defendant and Appellant. | A169511<br><br>(Contra Costa County<br>Super. Ct. No. 05009711573) |

This case involves the interpretation of Penal Code section 1172.75,[1] an issue that has divided the appellate courts and is presently before our Supreme Court.[2]

Defendant Charles Anderson Miller appeals from the superior court's denial of his motion under section 1172.75 for recall of his 115 years-to-life sentence, imposed in 2002 after remand from this court of his previous

---

[1] Undesignated statutory references are to the Penal Code.

[2] See *People v. Saldana* (2023) 97 Cal.App.5th 1270 [Third District], review granted March 12, 2024, S283547; *People v. Christianson* (2023) 97 Cal.App.5th 300 [Fourth District], review granted February 21, 2024, S283189; *People v. Rhodius* (2023) 97 Cal.App.5th 38 [Fourth District], review granted February 21, 2024, S283169 (*Rhodius*); *People v. Espino* (2024) 104 Cal.App.5th 188 [Sixth District], review granted, October 23, 2024, S286987 (*Espino*).

appeal, and a full resentencing.  Relying on several appellate decisions favorable to his position, Miller argues the superior court should have granted his motion because his prison prior enhancements, imposed under section 667.5, subdivision (b), have become legally invalid under section 1172.75, which was enacted in 2022.

The People disagree for multiple reasons.  Among other things, they rely on the one appellate decision favorable to their position to argue that this court's striking of Miller's prison prior enhancements, or merely the prison terms for those enhancements, in 2000 renders him ineligible for resentencing relief under section 1172.75.

We agree with Miller and the interpretation of section 1172.75 adopted by the great majority of appellate courts.  We also conclude that none of the People's arguments have merit.

We will reverse.

## I. BACKGROUND

In March 1998, in Contra Costa County Superior Court, a jury found Miller guilty of forcible rape (§ 261, subd. (a)(2)), oral copulation (former § 288a, subd. (c)), pimping (§ 266h), and pandering (§266i).  Certain enhancement allegations were found to be true.

### A. *Miller's Initial Sentence and Appeal*

As indicated in the initial abstract of judgment, the trial court sentenced Miller to a total prison term of 118 years to life.  This consisted in relevant part of sentences of (1) 75 years to life for forcible rape plus, under section 667, subdivision (a), three enhancement sentences of five years each for his three prior serious felony convictions, and (2) 25 years to life for pimping plus, under section 667.5, subdivision (b), three enhancement sentences of one year each for his three prior felony prison commitments.

2

Miller appealed. In October 2000, a panel of this division struck the three one-year prison prior enhancement sentences imposed under section 667.5, subdivision (b), reduced certain restitution fines, and affirmed the judgment with these modifications. The court stated as its reason for striking the prison prior enhancement sentences, "Both defendant and the Attorney General agree that the trial court erred when it imposed three five-year sentences pursuant to section 667a in addition to three one-year sentences pursuant to section 667, subdivision (b) for the identical prior felony convictions. Both sides agree that the error can be remedied by striking the one-year terms. This will be done." Accordingly, the court ordered, "The judgment is modified by striking three one-year terms imposed pursuant to section 667.5, subdivision (b) . . . . The clerk of the superior court is directed to prepare an amended abstract of judgment . . . ."

## B. *The Second Amended Abstract of Judgment*

After this court issued a remittitur, the clerk of the superior court filed a second amended abstract of judgment in January of 2002[3] which stated Miller's total prison term as 115 years to life and reflected the modifications ordered by this court. This second amended abstract does not state any term to be served for the enhancements imposed under section 667, subdivision (b), indicating by an "S" in the appropriate box that these sentences were either stayed or stricken, but otherwise lists the enhancements as they were listed on the previous abstracts of judgment.

Specifically, the second amended abstract of judgment contains a table in section 3, which is introduced by the following instructions:

---

[3] A first amended abstract of judgment was filed in December 2000, shortly before this court issued its remittitur, reflecting changes to the judgment unrelated to this case.

3

"**ENHANCEMENTS** charged and found true **FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS** (mainly § 667-series) and OTHER: [¶] List all enhancements based on prior convictions or prior prison terms charged and found true.  If 2 or more under the same section, repeat for each enhancement (e.g. if 2 non-violent prior prison terms under § 667(b), list § 667(b) 2 times.)  Enter time imposed for each or "S" for stayed or stricken.  DO NOT LIST enhancements charged but not found true or stricken under § 1385.  Add time for these enhancements and enter total in right hand column.  Also enter here any other enhancement not provided for in space 2."  This table follows these instructions:

| Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| PC 667a | 5 | PC 667a | 5 | PC 667a | 5 | | | | | 15 | 0 |
| Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total | |
| PC 667.5b | S | PC 667.5b | S | PC 667.5b | S | | | | | | 0 |

## C. *Miller's Sentence Recall and Resentencing Motion*

Miller moved for the recall of his sentence and resentencing after the Legislature enacted certain changes to the criminal law.

Effective January 1, 2020, the Legislature amended section 667.5, subdivision (b) to limit the imposition of additional one-year sentence enhancement terms to those prior prison terms served for a sexually violent offense.  (Stats 2019, ch. 590, § 1.)  This limitation continues to the present.  (§ 667.5, subd. (b).)

Effective January 1, 2022, the Legislature enacted a Penal Code provision, originally numbered as section 1171.1 and later renumbered as section 1172.75, regarding enhancements imposed under section 667.5, subdivision (b).  (Stats 2021, ch. 728, § 3; Stats 2022, ch. 58, § 12.)  As we will discuss, section 1172.75 renders "legally invalid" many enhancements previously imposed under former section 667.5, subdivision (b).  Section

1172.75 also requires the superior court to, among other things, recall the previously imposed sentences and resentence those defendants identified by the California Department of Corrections and Rehabilitation (CDCR) as having suffered such legally invalid enhancements as verified by the superior court.  (§ 1172.75, subds. (a)–(d).)

In December 2023, Miller, then 70 years old, moved under section 1172.75 for the superior court to recall his 115-years-to-life sentence and conduct a full resentencing.  He argued he was entitled to this full resentencing under section 1172.75 because the January 2002 second amended abstract of judgment listed the enhancements that the sentencing court had imposed in 1998 under former section 667.5, subdivision (b), even though this court had struck the prison terms for these enhancements in 2000.[4]  Miller contended the "CDCR identified Mr. Miller's case as one with 667.5(b) enhancements imposed because they appear on the Abstract of Judgment as 'S' for stayed punishment rather than not being listed as instructed if they had been truly stricken."  He also sought a number of changes to his sentence at resentencing based on changes to the law enacted after his sentence was imposed.

The People opposed Miller's motion.  They noted that no relevant appellate decision had considered whether section 1172.75 applies to an enhancement that had been stricken, and acknowledged a split of appellate authority regarding section 1172.75's application to an enhancement for which sentence was stayed.  They argued Miller was not entitled to relief

---

[4] Although Miller's brief in support of his motion refers to the second amended abstract of judgment as Exhibit A to the brief, the first amended abstract is actually Exhibit A, apparently a clerical mistake.

5

under section 1172.75 because this court had struck the subject enhancements in 2000.

The superior court denied Miller's motion. It reasoned, "[A]fter the appellate decision, [the three prison prior enhancements] were stricken. So they are no longer part of the current judgment, including that sentencing enhancement. Even though the abstract of judgment has it, there is a very clear statement from the appellate court that the enhancement is stricken. It doesn't seem like it should be on the AOJ [Abstract of Judgment], but that doesn't change the sentence.

"The method by which the CDCR identified individuals where the AOJ included that enhancement does not change the operation of the statute, which at subsection (c) requires me to verify that the current judgment includes that sentencing enhancement."

Upon Miller's counsel's oral motion, the court ordered waived certain fines and fees, but indicated Miller's sentence as stated on the second amended abstract of judgment remained the same.

Miller filed a timely notice of appeal from the court's denial of his motion for sentence recall and resentencing under section 1172.75.

## II. DISCUSSION

As we have indicated, the appellate courts are presently split on section 1172.75's interpretation, an issue now before our Supreme Court. Miller, relying on the great majority of appellate courts, argues the superior court erred in denying his resentencing motion because, regardless of this court's striking of the prison terms imposed for his section 667.5, subdivision (b) prison prior enhancements in 2000, the enhancements themselves remain a part of the judgment, as indicated by their being listed on the second amended abstract of judgment. Because section 1172.75 made these

6

enhancements legally invalid, the superior court should have recalled his entire sentence and conducted a resentencing hearing.

The People assert multiple reasons why the superior court did not err. These include their argument, based on the one appellate case that supports it, that this court's striking of Miller's prison prior enhancements, or merely the prison terms for those enhancements, renders him ineligible now for resentencing under section 1172.75.

We agree with Miller that the superior court erred in not recalling his sentence and conducting a full resentencing.

## A. *Legal Standards*

As we have discussed, since 2020, the Legislature has limited the imposition of prior prison term enhancements to defendants who served prior prison terms for sexually violent offenses.  (§ 667.5, subd. (b).)  Around the time of its enactment, multiple courts in the Fourth Appellate District held this limitation applied retroactively under *In re Estrada* (1965) 63 Cal.2d 740, 742, 744–748 to all cases not yet final when the limitation became effective.  (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681–682*,* followed in *People v. Sorden* (2021) 65 Cal.App.5th 612, 619–620; cited approvingly in *In re Rodriguez* (2021) 66 Cal.App.5th 952, 959.)  Soon thereafter, what is now numbered as section 1172.75 went into effect.

Section 1172.75, subdivision (a) states, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."

Section 1172.75 establishes a mechanism by which eligible defendants may obtain relief from legally invalid enhancements.  It provides, among other things, that the Secretary of the CDCR "shall," within certain time frames, identify those persons in custody "currently serving a term for a

7

judgment that includes an enhancement described in subdivision (a)" and provide the person's information to the court that imposed the enhancement. (§ 1172.75, subd. (b).) The court, upon receiving this information, "shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)" and, if so verified, "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

Further, resentencing pursuant to section 1172.75 "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).)

The parties dispute the application of section 1172.75 to Miller's prison prior enhancements and sentence based on the Legislature's intent in adopting the provision. We review de novo this debate over the statute's interpretation. (*Espino*, *supra*, 104 Cal.App.5th at p. 194, rev.gr.)

## B. *Analysis*

### 1. Appellate Court Interpretations of Section 1172.75

After Miller filed his opening brief, the Sixth Appellate District issued *Espino*, which is one of the cases now before our Supreme Court, and which the People discuss in their brief. It is directly on point.

In *Espino*, the trial court denied a section 1172.75 resentencing petition by Espino "because, while the sentencing court imposed a prison prior, rather than executing the prior, the sentencing court struck the punishment for it." (*Espino*, *supra*, 104 Cal.App.5th at p. 193, rev.gr.) The majority of the *Espino* panel, relying on previous appellate opinions, all but one of which held resentencing was required under section 1172.75 when

8

prison prior enhancements made legally invalid by section 1172.75 were previously imposed but stayed rather than executed, held "that section 1172.75 should be interpreted to apply whenever a prison prior was imposed, whether punishment was executed, stayed, or struck." (*Espino*, at p. 193.)

The specifics of *Espino* are particularly instructive here. Espino was convicted of certain crimes after entering into a plea agreement in 2017 that included his admission to an allegation made under section 667.5, subdivision (b) that he had served a prior prison term for vehicle theft. (*Espino*, *supra*, 104 Cal.App.5th at p. 193, rev.gr.) The sentencing court "imposed a prison prior, but stated that it was 'striking that additional punishment.' " (*Id*. at p. 194.)

In 2023, Espino petitioned the trial court for resentencing under section 1172.75. (*Espino*, *supra*, 104 Cal.App.5th at p. 194, rev.gr.) The court denied his petition based on its conclusion that section 1172.75 applied "only if 'a section 667.5(b) enhancement was imposed and executed' and therefore does not apply if 'the punishment for the section 667.5(b) enhancement was stayed, stricken, or dismissed.' In reaching this conclusion, the trial court observed that the word 'impose' is sometimes used as a shorthand to refer to enhancements that 'were imposed and *executed*,' and it reasoned that section 1172.75 used the word in this manner because section 1172.75, subdivision (d)(1) generally requires resentencing to yield a lesser sentence and because the stated intent of section 1172.75 is to benefit individuals currently serving sentences for repealed sentence enhancements." (*Ibid*., original italics.)

On appeal, Espino argued that a prison prior enhancement "is 'imposed' under section 1172.75 whenever it is included in a judgment

9

without regard to whether punishment is executed, stayed, or struck," and, therefore, that he was entitled to resentencing under the statute. (*Espino*, *supra*, 104 Cal.App.5th at p. 194, rev.gr.) The appellate court concluded he was right. (*Ibid.*) It reviewed the several cases that have held defendants were entitled to resentencing under section 1172.75 even though their prison prior enhancement sentences had been stayed, two of which are also now under review by our Supreme Court. (*Espino*, at pp. 196–198, citing *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282–1283 [Sixth District]; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 673–676 [Fifth District] (*Mayberry*); *People v. Saldana*, *supra*, 97 Cal.App.5th at pp. 1272–1273 [Third District], rev.gr.; *People v. Christianson*, *supra*, 97 Cal.App.5th at p. 314 [Fourth District], rev.gr.), as well as the one decision, also from the Fourth Appellate District and also now under review by our Supreme Court, that disagreed. (*Espino*, at p. 196, citing *Rhodius*, *supra*, 97 Cal.App.5th at pp. 40–41, 45, 48–49, rev.gr.)

The *Espino* court saw "no good reason to reject the weight of authority interpreting section 1172.75 and imply an execution requirement into the word 'impose' " (*Espino*, *supra*, 104 Cal.App.5th at p. 196, rev.gr.) as that term is used in section 1172.75 (§ 1172.75, subds. (a), (b) [referring to any enhancement that was "imposed"]). The court acknowledged that "impose" is often used as shorthand to refer to enhancements that are both imposed and executed. (*Espino*, at pp. 196–197, citing *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125 (*Gonzalez*.) However, it concluded that this occurred "where the context shows that 'impose' refers to a term of imprisonment" but that "[s]ection 1172.75 . . . does not refer to imposition of a term of imprisonment. To the contrary, it refers to '[*a*]*ny* sentence enhancement that was imposed' (§ 1172.75, subd. (a), italics added), which suggests that

10

the Legislature intended to use the word 'imposed' in a broad sense. Moreover, the Penal Code expressly authorizes courts to 'strike the additional punishment for [an] enhancement' where doing so would be in the furtherance of justice.  (§ 1385, subd. (b)(1).)  Thus, according to the Penal Code, a sentencing enhancement remains an enhancement even if the punishment for it was not executed, and nothing about the language accompanying the word 'impose' in section 1172.75 suggests that it was being used as a shorthand to refer to prison priors that were imposed and executed." (*Espino*, at p. 197.)

The *Espino* court concluded, "[W]e find it unlikely that the Legislature silently intended to render only those prison priors that were imposed and executed legally invalid.  The language of section 1172.75, subdivision (a) is unequivocal . . . ." (*Espino, supra*, 104 Cal.App.5th at p. 198, rev.gr.)  The court further noted that "the Legislature carefully differentiated inmates based on how prison priors affected their sentences.  Section 1172.75 requires the Department of Corrections and Rehabilitation to identify, and courts to resentence, all individuals in the department's custody currently serving a 'judgment that includes an enhancement described in subdivision (a).' (§ 1172.75, subds. (b), (c).)  However, the section requires both the department and the courts to identify and resentence individuals 'who have served their base term . . . and are currently serving a sentence based on the enhancement' (§ 1172.75, subds. (b)(1), (c)(1)), before identifying and resentencing 'all other individuals' (§ 1172.75, subds. (b)(2), (c)(2)).  If the Legislature had intended to exclude individuals with judgments including prison priors that were imposed but not executed, it likely would have done so expressly and unequivocally, not silently and ambiguously." (*Ibid*.)

11

Finally, the *Espino* court cited the rule of lenity in support of its holding: "This rule ' " ' 'generally requires that "ambiguity in a criminal statute should be resolved in favor of lenity, giving the defendant the benefit of every reasonable doubt on questions of interpretation." ' " ' [Citation.] The rule applies where two reasonable interpretations of a statute ' " ' "stand in relative equipoise." ' " ' [Citation.] Thus, even if we were to conclude that the considerations raised by the dissent provided an interpretation equally as strong as simply applying the ordinary meaning of the word 'impose,' the rule of lenity would demand that we follow the ordinary meaning." (*Espino*, *supra*, 104 Cal.App.5th at p. 201, rev.gr.)[5]

*Espino* and the cases it relied on were in turn recently relied on by Division Two of this appellate district in *People v. Bravo* (2025) 107 Cal.App.5th 1144, pages 1154 to 1155, also involving a request for resentencing under section 1172.75 regarding a stayed enhancement sentence. The *Bravo* court held, "For the reasons explained in *Espino*, *Mayberry*, and the cases cited therein, we reject the Attorney General's position that Bravo is ineligible for section 1172,.75 relief because his now-invalid section 667.5(b) enhancement was imposed but stayed." (*Bravo,* at p. 1155.)

The People argue that the lone court that has sided with their point of view, *Rhodius*, *supra*, 97 Cal.App.5th 38, review granted, correctly concluded section 1172.75 did not apply to an imposed but stayed

---

[5] Very recently, in *People v. Tang* (Mar. 18, 2025, D084192) ___ Cal.App.5th ___, [2025 Cal.App. Lexis 166], the Fourth Appellate District held that a stricken enhancement cannot be a sentence enhancement imposed under section 1172.75, distinguishing the striking of an enhancement from the striking of the punishment imposed for an enhancement that occurred in *Espino*. (*Tang,* at pp. *1, *5–*6.)

enhancement sentence, and that we should follow it. In *Rhodius*, another panel of the Fourth Appellate District affirmed the trial court's denial of a full resentencing hearing under section 1172.75 to a defendant with prison prior enhancements that were imposed and stayed. (*Rhodius*, at pp. 40–41.) The court held that section 1172.75 applies only to imposed *and executed* prison prior enhancements, relying significantly on our Supreme Court's interpretation of the word "impose" as it applied to section 12022.53 (imposing additional sentences for firearm use and intentional discharge in felonies) in *Gonzalez, supra*, 43 Cal.4th 1118. (*Rhodius*, at pp. 43–45.) The court concluded that section 1172.75 as a whole could only be harmonized by this interpretation, particularly in light of subdivision (d)(1)'s requirement that resentencing result in a lesser sentence than the one originally imposed. (*Rhodius,* at pp. 43–44.)

The *Rhodius* court also concluded the legislative histories underlying the changes to section 667.5 and the enactment of section 1172.75 supported its interpretation (*Rhodius*, *supra*, 97 Cal.App.5th at pp. 45–49, rev.gr.) because they "contain a clear presupposition by the Legislature of an imposed and executed sentence" (*id*. at p. 47). For example, the court noted, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136), which amended section 667.5, subdivision (b), "intended to ameliorate the disproportionate impact sentencing enhancements have on the 'Black and Latino' communities" after the Legislature "found that sentencing enhancements subject the members of these communities to longer periods of incarceration." (*Rhodius*, at p. 47.) "This intent presupposes that the sentencing enhancements are, in fact, creating longer periods of incarceration," which "is not the case in situations where a defendant's

enhancement added no additional period of incarceration," and was "not so if the sentencing enhancement is stayed." (*Ibid.*)

The court further determined that Senate Bill 136 "is also intended to reallocate spending necessary for incarceration to fund community-based services. [Citation.] The freeing of funds through the repeal of sentencing enhancements presupposes the affected inmates will spend less time incarcerated," which, again, "is not the case in situations where a defendant's enhancement added no additional period of incarceration." (*Rhodius*, *supra*, 97 Cal.App.5th at p. 47, rev.gr.)

Also, a defendant with a stayed enhancement "does not suffer the same 'double punishment' " that the Legislature "sought to end." (*Rhodius*, *supra*, 97 Cal.App.5th at p. 47, rev.gr.) "As such, the Legislature's intent in enacting Senate Bill 136 would not be served in situations where a defendant's sentence was imposed and stayed." (*Ibid.*)

The *Rhodius* court reached a similar conclusion regarding the legislative history for Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483), which enacted section 1172.75. The court concluded Senate Bill 483 "intended to provide relief to inmates who had been convicted and sentenced prior to the enactment of Senate Bill 136 and are ' "serving time based on rulings that California has already deemed unfair and ineffective." ' " (*Rhodius*, *supra*, 97 Cal.App.5th at p. 46, rev.gr.) The Legislature had also expressed a concern about those convicted prior to Senate Bill 136's enactment "continuing to be separated from their families and communities because Senate Bill 136 had not been applied retroactively." (*Rhodius*, at p. 47.) The court concluded these legislative concerns "presuppose a defendant is serving time specifically based on the imposition of additional incarceration as a result of a section 667.5[,

14

subdivision] (b) prior.  An inmate whose sentence was imposed and stayed is not actually serving any time based on a repealed statute, nor are they separated from their families because Senate Bill 136 has not been applied retroactively."  (*Id.* at pp. 47–48.)

Further, Senate Bill 483's "reference to each additional year of imprisonment costing $112,600 per person also contemplates the execution of the sentence."  (*Rhodius*, *supra*, 97 Cal.App.5th at p. 48, rev.gr.)  "This cost to taxpayers would be irrelevant for defendants whose sentence was imposed and stayed" because "[f]unding would not be saved" if a defendant's sentence were not reduced by the retroactive application of Senate Bill 136. (*Rhodius*, at p. 48.)

The *Rhodius* court concluded these legislative concerns about financial and familial burdens "do not logically follow if a defendant is not actually serving additional time" pursuant to section 667.5, subdivision (b). (*Rhodius*, *supra*, 97 Cal.App.5th at p. 48, rev.gr.)  Accordingly, "to interpret the statute to include enhancements that were imposed and stayed would be contrary to the legislative intent and the plain language of the statute."  (*Id.* at pp. 48–49.)

We find *Rhodius* unpersuasive for the same reasons as the *Espino* court.  That court concluded enhancements included in a judgment, even if the terms for them had been struck, *could* lead to increased sentences.  The court explained, "[E]ven when punishment for an enhancement is stayed, the enhancement carries 'the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential.' "  (*Espino*, *supra*, 104 Cal.App.5th at p. 197, rev.gr.)  Further, "when an enhancement has been imposed but punishment struck, '[t]he fact of the enhancement . . .

15

remain[s]' and may adversely impact the defendant in other ways such as restricting the ability to accrue conduct credits or subjecting the defendant to additional punishment for future convictions." (*Id.* at p. 201, citing *In re Pacheco* (2007) 155 Cal.App.4th 1439, 1444 and *People v. Fuentes* (2016) 1 Cal.5th 218, 225 ["even if the *punishment* is struck, an enhancement finding could impact defendant in a future case." (Original italics.)].)

The *Rhodius* court did not consider this *Espino* analysis, and we find it persuasive. The legislative concerns discussed in *Rhodius* are served by ensuring that inmates do not serve further time as a result of legally invalid enhancements. We see nothing in the history discussed in *Rhodius* that demonstrates the Legislature did not intend those concerns to extend to circumstances where the prison terms for such enhancements have been struck. Rather, as the *Espino* court concluded, the Legislature's expansive language suggests the opposite, contrary to the position taken by the dissenting Justice in *Espino* that is cited by the People (see *Espino*, *supra*, 104 Cal.App.5th at p. 204, rev.gr. (dis. opn. of Lie, J.)). The *Espino* majority pointed out in rejecting conclusions by the dissenting Justice based on Senate Bill 483's legislative history that there are "repeated—and unqualified—statements throughout the legislative history that Senate Bill 483 'applies retroactively [to] the repeal of sentence enhancements for prior felony or county jail felony terms . . . .' " (*Espino*, at p. 201.) "Consequently," the majority continued, "we cannot confidently infer from the legislative history that the Legislature did not intend section 1172.75 to apply where a now-invalid prison prior was imposed by punishment was stricken." (*Ibid.*)

## 2. The People's Other Arguments

The People assert we should affirm the trial court's order for other reasons as well. They argue Miller is ineligible for resentencing relief under

16

section 1172.75 because this court struck his three one-year enhancements in 2000 upon concluding they were improperly based on the same prior convictions as other imposed enhancements. (See *People v. Jones* (1993) 5 Cal.4th 1142, 1152–1153; accord, *People v. Scully* (2021) 11 Cal.5th 542, 612.)

Specifically, the People note enhancements were "mandatory unless stricken" pursuant to former section 667.5, subdivision (b) (*People v. Langston* (2004) 33 Cal.4th 1237, 1241). Therefore, they argue, "the enhancements should . . . have been removed from the abstract of judgment altogether," and urge this court to merely "order correction of a clerical error" under *People v. Mitchell* (2001) 26 Cal.4th 181, 185. The People further contend that, regardless, the abstract of judgment does not change that the Court ordered the judgment be modified to strike the enhancements.

This argument is unpersuasive in light of this court's actual ruling in 2000. The court did *not* strike the three section 667.5, subdivision (b) enhancements and there is no indication the court did not do so based on any clerical error. Rather, the issue of striking the enhancement itself does not appear to have been raised in the appeal. Instead, the court explained that the parties agreed "that the error" (imposing multiple enhancements based on the same priors) "can be remedied by *striking the one year terms*." (Italics added.) The court's disposition then states, "The judgment is modified *by striking three one-year terms imposed* pursuant to section 667.5, subdivision (b) . . . ." (Italics added.) Moreover, as *Espino* points, there is a distinction made in the Penal Code between the imposition of enhancements and their sentences. (*Espino, supra*, 104 Cal.App.5th at p. 197, rev.gr., citing § 1385, subd. (b)(1).) Miller fails to show this court could not make

17

this distinction in 2000 regarding Miller's prison prior enhancements, before the enactment of section 1172.75 made prison prior enhancements legally invalid.

The People also argue that "even if the Court struck only the punishment for the enhancements, rather than the enhancements altogether, [Miller] is not entitled to resentencing because section 1172.75 applies only to individuals serving time, or who *will* serve time, for a prison prior enhancement that was imposed and executed," which is not the case here in light of this court's holding that it was unlawful for Miller to serve time on the prison prior enhancements. (Original italics.) The People, relying on *Rhodius* and *Gonzalez*, *supra*, 43 Cal.4th at page 1127 [concluding the word "impose" as used in section 12022.53 is "shorthand for 'impose and then execute' "], further argue that "[t]he more persuasive statutory interpretation of section 1172.75 requires a finding that the section does not apply to defendants with prior prison term enhancements that were imposed and stayed, or where the punishment was never imposed but stricken." We disagree, for the reasons discussed in *Espino* and the other cases we rely on here.

Also, in making this argument, the People mischaracterize the plain language of section 1172.75. They assert that the Secretary of the CDCR is to identify "inmates currently serving a term for a judgment that includes a section 667.5, subdivision (b) enhancement *as part of the sentence* and then refer those defendants to the superior court. (Italics added.) But the actual language of subdivision (b) calls for the CDCR to identify all persons "currently serving a term for a judgment that includes an enhancement described in subdivision (a)" without requiring that the punishment imposed for the enhancement be a part of the sentence being served. True,

18

subdivision (b)(1) then directs the Secretary to complete the required identifications and reports to the court by a certain date (March 1, 2022) for "individuals who have served their base term and any other enhancements and are currently serving a sentence based on the enhancement."  But, as *Espino* points out in reaching its conclusions (*Espino*, *supra*, 104 Cal.App.5th at p. 198, rev.gr.), subdivision (b)(2) *also* directs the Secretary to complete its required identifications and report to the court by another date (July 1, 2022) "for all other individuals," without reference to any sentence.  This plain language makes clear that the Secretary of the CDCR must identify and report regarding all persons "currently serving a term for a judgment that includes an enhancement described in subdivision (a)," whether or not a person is currently serving a sentence based on punishment imposed for a relevant prison prior enhancement.  We need look no further to reject this contention.  (See, e.g., *People v. Flores* (2003) 30 Cal.4th 1059, 1063 ["When the language of a statute is clear, we need go no further."].)

The People similarly mischaracterize the court's duty to recall a sentence and resentence an eligible defendant under subdivision (c) of section 1172.75.  According to the People, "[s]ubdivision (c) directs the trial court to 'review the judgment and verify that the current judgment includes' such a sentencing enhancement with recall and resentencing where the inmate is 'currently serving a sentence based on the enhancement' to occur by a certain date.  (§ 1172.75, subd. (c), (c)(1).)"  But the actual language of subdivision (c) calls for the court to "determine that the current judgment includes a sentencing enhancement described in subdivision (a)."  True, subdivision (c)(1) then directs the court to complete its resentencing by a certain date (October 1, 2022) for "individuals who have served their base

term and any other enhancements and are currently serving a sentence based on the enhancement." But, as also noted in *Espino*, *supra*, 104 Cal.App.5th at page 198, review granted, subdivision (c)(2) *also* directs the court to complete resentencing by another date (December 31, 2023) "for all other individuals." This plain language makes clear that the court must resentence defendants if it determines "that the current judgment includes a sentencing enhancement described in subdivision (a)," whether or not a person is currently serving a sentence based on a relevant prison prior enhancement.

The People also note that under subdivision (d)(1) of section 1172.75, a defendant's resentencing "shall result in a lesser sentence than the one originally imposed as a result of the repealed enhancement" (unless the court finds good reason to make an exception to preserve public safety). They argue this provision further shows Miller is ineligible for resentencing, since he "will never serve any time for his prior prison term enhancements because of this Court's earlier decision prohibit[ing] it." This too is unpersuasive for the reasons discussed by the *Espino* court and others in rejecting a very similar argument (*Espino*, supra, 104 Cal.App.5th at p. 197, rev.gr.), which reasons we find persuasive.

In short, for the reasons relied on by the *Espino* and *Bravo* courts and the courts they rely on, we agree that section 1172.75 requires resentencing when a legally invalid enhancement has been imposed under section 667.5, subdivision (b), even if the term for that enhancement was struck, as is the

case here. Accordingly, we will reverse the trial court's order denying Miller's resentencing motion.[6]

## III. DISPOSITION

The court's order appealed from is reversed and this matter remanded to the trial court to conduct a resentencing hearing consistent with this opinion.

STREETER, Acting P. J.

WE CONCUR:

GOLDMAN, J.
SIMONDS, J.[*]

---

[6] The People point out that one of the prison prior enhancements imposed by the sentencing court under section 667.5, subdivision (b) *was* for a sexually violent offense, forcible rape and, therefore, is not legally invalid pursuant to section 1172.75 under any analysis. The record supports this contention. Nonetheless, Miller is entitled to a full resentencing, as the record also shows the other two prison prior enhancements imposed by the sentencing court were not for sexually violent offenses and, therefore, are legally invalid under section 1172.75.

[*] Judge of the Superior Court of California, County of Sonoma, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.